**ALASKA STATEBANK,**
**Appellant-Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Appellee-Respondent.**

Nos. 80–7437, 80–7537

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1981.

Decided Aug. 17, 1981.

---

Daniel Waggoner, Seattle, Wash., Davis, Wright, Todd, Riese & Jones, Anchorage, Alaska, for appellant-petitioner.

J. Michael Smith, NLRB, Washington, D.C., argued for appellee-respondent; Elliott Moore, NLRB, Deputy Associate Gen. Counsel, Washington, D.C., on brief.

Before WRIGHT and HUG, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

Alaska Statebank (employer) petitions for review of an order of the National Labor Relations Board (Board) directing the employer to bargain with the union elected by the employees at the employer's Kenai branch bank. 250 NLRB No. 179. The employer challenges the finding of the Board that eligible employees at the Kenai branch alone constitute an appropriate bargaining unit, contending that the only appropriate unit is one composed of employees at all of its branches and head office. The Board cross-petitions for enforcement of its order.

The employer bank has a head office in Anchorage and nine branch offices: four in Anchorage, three in Fairbanks, one in Unalaska (Dutch Harbor), and the one in Kenai involved here. Fifteen of the employer's approximately 168 employees work at the Kenai branch. The Kenai branch is 150 miles from Anchorage, 526 miles from Fairbanks and over 850 miles from Dutch Harbor. There is little employee interchange between the various branches. Although conditions of employment such as wages, hours, and benefits are uniform throughout the bank, each branch manager independently hires, fires, promotes and disciplines branch employees, albeit subject to head office subsequent oversight and general approval.

On October 15, 1979, the United Food & Commercial Workers Union Local 1496 filed a representation petition with the Board, seeking certification as the bargaining representative of the Kenai branch employees. On November 15, 1979, the Regional Director issued his decision that the employees at the branch bank constituted an appropriate bargaining unit under Section 9(a) of the National Labor Relations Act (Act), 29 U.S.C. § 159. An election was held; the employer refused to bargain with the elected union, and the Regional Director issued a complaint charging the employer with unfair labor practices in refusing to bargain. After the Board affirmed the findings and conclusions of the Regional Director, this appeal ensued.

The Act itself provides little guidance to the Board in determining what an appropri-

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

ate bargaining unit shall be. When the Act does give instruction, it does so in relation to the rights of employees.[1] Assuring employees of the free exercise of their rights is the paramount criterion in determining what will be the bargaining unit.

 The Board's judgment as to what bargaining unit will serve this purpose will rarely be disturbed on appeal. The unit selected need only be *an* appropriate one; it need not be the only appropriate one or even the optimal unit. *Beck Corp. v. NLRB*, 590 F.2d 290 (9th Cir. 1978). "Because this is an area where special expertise is needed, the Board has exceptionally broad discretion in determining an appropriate unit .... Unless clearly arbitrary or capricious, the board's legal conclusion—that the unit is appropriate or inappropriate—will be credited on appeal." *Pacific Southwest Airlines v. NLRB*, 587 F.2d 1032, 1037 (9th Cir. 1978).

Employers have generally fought a losing battle with the Board in arguing for employer-wide instead of single location bargaining units. Instead the Board has adopted, in the retail sales, industrial, insurance, and banking industries, a presumption that a single store, plant, office or branch is an appropriate unit. This presumption has generally received approval by the courts. *See, e. g., NLRB v. Lerner Stores Corp.*, 506 F.2d 706 (9th Cir. 1974) (retail stores); *Spring City Knitting Co. v. NLRB*, 647 F.2d 1011 (9th Cir. 1981) (industrial); *State Farm Mutual Automobile Insurance Co. v. NLRB*, 411 F.2d 356 (7th Cir.), *cert. denied*, 396 U.S. 832, 90 S.Ct. 87, 24 L.Ed.2d 83 (1969) (insurance); *Banco Credito y Ahorro Ponceno v. NLRB*, 390 F.2d 110 (1st Cir.),

*cert. denied*, 393 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d 102 (1968) (banking).

The Courts of Appeals for two Circuits have considered the multi- versus single-plant unit issue in bank cases. The First Circuit, in *Banco Credito*, enforced a designation of a single branch as an appropriate unit with facts similar to those in the present case. As here, there was considerable centralization of banking operations and a centralized determination of labor relations policy, with branch employees working under a bank-wide classification system with uniform salaries, hours, and fringe benefits. Services were also centrally administered, with central check clearing, etc. The court held that the factors of supervision by the branch managers over employees on a day-to-day basis, geographic dispersion (the branch office was 40 miles from the head office, and 16 miles from another branch), and the lack of employee interchange (of 206 transfers in the previous 2½ years, only two involved the branch), justified the Board's designation of a single branch unit.

The Sixth Circuit, on the other hand, has held that the Board abused its discretion in designating a single branch bank as a unit. *Wayne Oakland Bank v. NLRB*, 462 F.2d 666 (6th Cir. 1972). Instead of disagreeing with the rationale of *Banco Credito*, however, the court distinguished that case on two factors: geographic proximity (all branches in *Wayne Oakland* were within 25 miles of the main office) and substantial employee interchange, which the court felt would create friction and chaos in labor relations were one branch to unionize while others did not.

This court has already approved the single-location unit presumption in the retail

---

1. Section 9(b), 29 U.S.C. § 159(b), provides:
 The Board shall decide in each case whether, *in order to assure to employees the fullest freedom in exercising the rights guaranteed by this Act*, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof ....
 (Emphasis added). These rights are given in Section 7, 29 U.S.C. § 157:

 Employees shall have the right to self-organization to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities ....

sales field. In *NLRB v. Lerner Stores Corp.*, 506 F.2d 706, we enforced an order by the Board that designated a single store, out of 400 stores nationwide, as a bargaining unit. The employer argued that a unit composed of all seven San Francisco area stores was the only appropriate one. This court stated that one of the ways the single-store presumption can be overcome is by evidence that the single store "lacks 'meaningful identity as a self-contained economic unit.'" *Id.* at 708. In deciding that the single store was an identifiable economic unit, we focused on the amount of employee interchange between the Bay Area stores, concluding that a 10% exchange between stores over a five-year period was an insufficient amount to preclude a single-store unit. We further stated that centralized control over labor policies will not preclude a single-store bargaining unit. *Id.*

■ We find no reason why the banking industry should be excepted from the single-location unit presumption already adopted for the retail sales field. As the Board has stated, this would only "deny employees in the excepted industry the same rights enjoyed by employees in other industries." *Wyandotte Savings Bank*, 245 NLRB No. 120 (1979).

■ Applying the factors used in *Lerner*, we cannot find that a bank-wide unit is the only appropriate one. The Kenai branch is geographically isolated, local managers retain control over day-to-day employee relations, and there is no significant amount of employee interchange between the branches. Distance between the branches frustrates effective union activities, since employees would be greatly inconvenienced if not prohibited in attending union meetings hundreds of miles away. Differences in cost of living at the different branch locations might also hinder collective bargaining.

Given these geographic conditions, the employer has not met its burden of showing that the designated unit is an inappropriate one for the purposes of collective bargaining. Employees at the Kenai branch comprise an identifiable and autonomous unit, and the Board did not abuse its discretion in designating them as a bargaining unit. We, therefore, deny the employer's petition for review and grant enforcement of the Board's order.

ENFORCED.