**WYANDOTTE SAVINGS BANK,**
**Petitioner,**

v.

**The NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

No. 80–1484.

United States Court of Appeals,
Sixth Circuit.

July 7, 1982.

See also, 6 Cir., 669 F.2d 386.

Conrad W. Kreger, Stringari, Fritz, Kreger, Ahearn & Hunsinger, Detroit, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Jolane A. Findley, N. L. R. B., Washington, D. C., for N. L. R. B.

Before ENGEL and MERRITT, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

Following our order refusing enforcement of an NLRB order to bargain on the ground that the bargaining unit found by the Board was inappropriate, *Wyandotte Savings Bank v. NLRB*, 669 F.2d 386 (6th Cir. 1982), the petitioner applied to this Court for an award of costs and attorney fees pursuant to Rule 39, Fed.R.App.P. and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The EAJA requires the awarding of attorney fees to the prevailing party against the United States or an agency thereof under certain circumstances. However, a court may not award attorney fees if it finds that "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A) & (d)(3). We find that the NLRB's position in seeking enforcement of its order was substantially justified and, therefore, we deny this application.

In this case the NLRB found that employees in nine of the petitioner's branch banks constituted appropriate bargaining units. The petitioner refused to bargain with the union which was elected at several of these branch offices. The NLRB ordered the petitioner to bargain and the petitioner sought review in this court and the Board cross-applied for enforcement of its order. We refused enforcement on the grounds that the case raised the same basic facts and issue as in *Wayne Oakland Bank v.*

120

*NLRB*, 462 F.2d 666 (6th Cir. 1972). In *Wayne Oakland* we held that the designation of a branch bank as an appropriate bargaining unit constituted an abuse of the Board's discretion.

The mere fact that the NLRB was the losing party or the fact that the NLRB's position was contrary to prior Sixth Circuit precedent does not mean that the Board was not substantially justified in seeking enforcement of its order. It is well recognized that the Board enjoys broad discretion in the choice of appropriate bargaining units and that its unit determination should not be upset unless it constitutes an abuse of discretion. *E.g. Packard Motor Car Co. v. NLRB*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947); *NLRB v. Winn-Dixie Stores Inc.*, 341 F.2d 750, 756 (6th Cir.), *cert. denied*, 382 U.S. 830, 86 S.Ct. 69, 15 L.Ed.2d 74 (1965). Moreover, the Board has operated under a presumption that a single location in a multiple location business is an appropriate bargaining unit and this presumption has been recognized by this circuit. *See NLRB v. Forest City Enterprises, Inc.*, 663 F.2d 34, 35 (6th Cir. 1981); *Meijer, Inc. v. NLRB*, 564 F.2d 737 (6th Cir. 1977). And at least two other circuits have enforced NLRB designation of a single branch of a bank as an appropriate bargaining unit. *Alaska Statebank v. NLRB*, 653 F.2d 1285 (9th Cir. 1981); *Banco Credito y Ahorro Ponceno v. NLRB*, 390 F.2d 110 (1st Cir.), *cert denied*, 393 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d 102 (1968).

The Board, in its decision on review, recognized the factual similarity of the instant case and *Wayne Oakland, supra* :

Admitting that factually this case is not significantly different from the *Wayne-Oakland* case, we respectfully hazard the hope that the United States Court of Appeals for the Sixth Circuit, should it have occasion to consider the matter, will defer to the Board's delegated discretion in making bargaining unit determinations. . . .

*Wyandotte Savings Bank*, 245 N.L.R.B. 943, 944 n.7 (1979). Two judges of this Circuit have indicated support for the position taken by the Board; Judge Edwards, dissenting in *Wayne-Oakland* and Judge Merritt, concurring in the instant case. Clearly, the Board had a reasonable basis for seeking enforcement of its order.

It was not the intent of Congress to stifle the reasonable regulatory efforts of federal agencies by the enactment of the EAJA. As the House Judiciary Committee stated in commenting on this act:

The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made.

H.R. Rep. No. 96–1418, 96th Cong., 2nd Sess. 10 (1980), *reprinted in* U.S.Code Cong. & Ad.News 4953, 4984, 4989. We conclude that the position taken by the Board was a reasonable attempt to reopen a closed question.

Accordingly, the application for an award of attorney fees is denied. The petitioner's application for recovery of costs as the prevailing party pursuant to 28 U.S.C. § 2412(a) is granted to the extent that it relates to items enumerated in 28 U.S.C. § 1920. The application is disallowed insofar as the application seeks recovery as costs of attorney fees for filing the petition for review (as distinguished from the filing fee of this Court) and reimbursement of travel costs of counsel incurred in connection with oral argument. These items are not mentioned in 28 U.S.C. § 1920 and may not be recovered as costs. Costs for other items requested shall be allowed at the prevailing local rate. Rule 39(c), Fed.R.App.P.