Ila M. WEATHERBY, SS No. 362–58–8747, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Kay E. MILLER, SS No. 372–38–9358, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Alice GARCIA, SS No. 367–30–7176, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Robert G. STOLL, SS No. 379–32–6476, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Karl L. DEMANKOWSKI, SS No. 384–26–8383, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Nos. 83–CV–7182–BC, 84–CV–9341–BC, 84–CV–9415–BC, 84–CV–9657–BC and 85–CV–10018–BC.

United States District Court, E.D. Michigan, N.D.

Feb. 11, 1987.

Jacqueline Doig, Legal Services of Eastern Michigan, Midland, Mich., Dolores Hahn, Legal Services of Eastern Michigan, Saginaw, Mich., for plaintiffs.

Michael J. Hluchaniuk, Janet L. Parker, James A. Brunson, Asst. U.S. Attys., Bay City, Mich., for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

This opinion is issued with respect to five separate motions for attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter referred to as EAJA).

The cases will be referred to by reference to the individual plaintiff's name. In each case, the plaintiff has been represented throughout the proceedings in the United States District Court by attorneys associated with Legal Services of Eastern Michigan. Although some question remains whether plaintiffs who are represented by legal services corporations can recover fees and costs under the EAJA, this question has not been raised by the government in response to the plaintiffs' motions. In each case, after a denial of benefits at the administrative level, the Court has remanded the case for a determination and payment of benefits.

The plaintiffs' motions for attorney fees and costs in these cases were referred to Magistrate Binder pursuant to 28 U.S.C. § 636(b)(1)(A),[1] who entered orders denying the several motions. The plaintiffs appealed from such orders, asserting that the motions raised issues that were beyond the jurisdiction of magistrates. The Court agreed and set aside the magistrate's orders, and is now considering the motions for EAJA attorney fees and costs *de novo.*

The EAJA provides for an award of fees and other expenses against the United States "unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The focus of the Court's inquiry will be on the meaning of the phrases "position of the United States" and "substantially justified," and upon the significance of the government's burden of persuasion.[2]

---

1. It is the practice of the Court in the Eastern District of Michigan to assign Social Security "appeals" to several U.S. Magistrates by blind draw for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In the Northern Division, when the plaintiff prevails, attorney fee petitions are assigned to U.S. Magistrate Charles E. Binder who is the magistrate who takes all assigned work in the Northern Division except Social Security "appeals."

2. It is not the function of this opinion to justify the Court's latest decision concerning the magistrate's jurisdiction with respect to EAJA motions. The Court's order with respect thereto was based upon the observation that attorney fees and costs pursuant to the EAJA involved new money flowing from the U.S. Attorney, while fees pursuant to 42 U.S.C. § 406(b) involved allocation of the plaintiff's money. By way of hindsight, the Court is not firmly convinced that some appropriate method may not

## THE POSITION OF THE UNITED STATES

■ Prior to the 1985 reenactment of the EAJA, the rule in the Sixth Circuit was that the "position of the United States" is limited to its litigating position as distinguished from its underlying agency position. *Trident Marine Construction, Inc. v. District Engineer,* 766 F.2d 974, 979 (6th Cir.1985). The statute now provides as follows:

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). This language specifically permits consideration of the government's agency position together with its litigating position.

In almost every case, the magistrate's recommendation and the Court's decision upon *de novo* review are concerned primarily with the administrative record with little attention, if any, being given to the government's litigating position. The government's litigating position frequently has not been made known to the Court except in the most general terms by its answer to the complaint and, when asserted, it has been frequently asserted by a brief that has little value. Sometimes the government files nothing with the magistrate except the administrative record and its answer. Consequently, as a practical and fair matter under the EAJA, as amended in 1985, the "position of the United States" is essentially its administrative position.

In reality, the defendant's arguments are frequently so inadequately presented that if the Court emphasizes the litigating position, it would result in an award under EAJA fees, even if the agency position was substantially justified.

be devised for magistrates to deal with EAJA decisions in Social Security cases without the

## SUBSTANTIALLY JUSTIFIED

What is the meaning of the phrase "substantially justified" in the context of a Social Security appeal? The Court looks to three sources to answer this question:

(1) the language of the controlling statutes;

(2) the legislative history; and

(3) case law

### Statutory Language

Two distinct statutes must be read in conjunction. Judicial review of the final decision of the Secretary in Social Security cases is governed by 42 U.S.C. § 405(g), which provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The EAJA provides for an award of fees and costs "unless the court finds that the position of the United States was substantially justified." Reading the two statutes together, the question becomes when, if ever, is an agency substantially justified in making a fact-finding that is not supported by substantial evidence?

Taken in the abstract (without considering the practical impact of the conclusion) and in light of the government's burden of persuasion on the issue (hereinafter discussed), the question answers itself—almost never!

### Legislative History

The legislative history with respect to the 1985 reenacted EAJA is found in two places: (1) the Report of the House of Representatives Committee on the Judiciary; and (2) in the remarks of Congressmen and Senators when the EAJA was reenacted by their respective bodies.

The Committee report explains that the proposed bill reinstates the EAJA and makes it permanent. H.R.Rep. No. 99–120, 99th Cong., 1st Sess. 4, *reprinted in* 1985 U.S. Code Cong. & Ad. News 132. It explains that amendments are necessary to

necessity of *de novo* review.

clarify the congressional intent that the position of the United States includes agency action as well as the government's litigating position. According to the Committee Report, the bill "clarifies that an EAJA award in Social Security cases is not precluded by the fee provisions of the Social Security Act, 42 U.S.C. § 406(b)" and that an attorney cannot collect and retain a double fee. *Id.* at 135–36. Most importantly, the report contains the following statement with respect to the meaning of "substantially justified."

> Another problem which has developed in the implementation of the Act has been the fact that courts have been divided on the meaning of "substantial justification." Several courts have held correctly that "substantial justification" means more than merely reasonable. Because in 1980 Congress rejected a standard of "reasonably justified" in favor of "substantially justified," the test must be more than mere reasonableness.
>
> Especially puzzling, however, have been statements by some courts that an administrative decision may be substantially justified under the Act even if it must be reversed because it was arbitrary and capricious or was not supported by substantial evidence. Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.
>
> The Committee expects that the determination of what is "substantially justified" will be decided on a case-by-case basis due to the wide variety of factual contexts and legal issues which make up government disputes.

*Id.* at 138.

The significance of the Committee Report was in some respects diminished and in other respects enhanced by comments of Congressmen and Senators when the EAJA was adopted in their respective bodies. Congressman Kindness made the following statement on the House floor regarding the Committee Report:

> It does seem necessary, however, to bring attention to a portion of the committee's report which would tend to mislead those uninitiated in the lore of the substantial evidence rule. At the bottom of page 9 of the report of the committee, the following statement appears:
>
> Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.
>
> This gratuitously authoritarian overstatement appears to be the only error I found in the report.

131 Cong.Rec. H 4763 (daily ed. June 24, 1985) (Statement of Rep. Kindness). Further discussion of the bill on the House floor and Senate floor confirms Congressman Kindness' assessment of the Committee Report.

Nothing in the Congressional Record refutes the Committee Report assertion that substantial justification must be more than mere reasonableness. *Wyandotte Savings Bank v. The National Labor Relations Board,* 682 F.2d 119 (6th Cir.1982), is apparently one of the cases referred to in the Committee Report which equates substantial justification with reasonableness. In *Wyandotte,* the court relied on the then available legislative history.

Taken as a whole, the legislative history strongly suggests that substantial justification means something less than support by substantial evidence and something more than mere reasonableness. This definition, if indeed it is a definition, is not particularly helpful. The most helpful guideline that emerges from the new legislative history is the emphasis on the government's burden of persuasion. Senator Grassley made the following comment on the floor of the Senate:

[J]ust because an agency loses on the merits of the case doesn't mean that it is automatically going to be liable for a fee award. The EAJA does not provide for automatic fee shifting. However, I would say that where the agency action is found by a court to be arbitrary and capricious or where there is little or no factual support for the agency action, the Government as a practical matter—has its work cut out for it to prove substantial justification.

131 Cong.Rec. S 9993 (daily ed. July 24, 1985) (Statement of Sen. Grassley). Comments of Congressman Kindness on the House floor also substantiate congressional intent to emphasize the burden of persuasion.

*Case Law*

The most influential Sixth Circuit case on the availability of EAJA fees and costs in Social Security disability cases is *Couch v. Secretary of Health and Human Services,* 749 F.2d 359 (6th Cir.1984). In denying a petition for EAJA fees, the court stated: "The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Id.* at 360. Although this statement does not conflict with the subsequent legislative history, it does nothing to help district courts distinguish between cases in which the position of the United States was and was not substantially justified. It makes no reference to the government's burden of persuasion. *Couch* is a case in which the defendant prevailed at the district court level, and it may have been based upon the assumption that the government's litigating position was of primary significance. The defendant cites other circuit cases, all unpublished, that would tend to support the conclusion that, in reality, the plaintiff, not the defendant, has the burden of persuasion.

## ILA M. WEATHERBY

Plaintiff Ila M. Weatherby had nine years of formal education and had worked cleaning houses for a home redecorator. She claimed disability beginning at age 57 due to a low-back impairment that prevented any significant exertion. After her application was initially denied, an administrative law judge (ALJ) found her impairment to be substantial and, taking into account her education and lack of skills, ruled that Ms. Weatherby was disabled. The Appeals Council reversed the ALJ's ruling, however, on the basis that the plaintiff was still capable of working as a domestic. Plaintiff sought review of that decision in this Court.

In evaluating plaintiff's unopposed motion for summary judgment, United States Magistrate Charles E. Binder found that there was not substantial evidence supporting the council's determination. While Ms. Weatherby could lift 25 pounds, her ability to do so was very limited and she was unable to sit or stand for significant periods of time. Magistrate Binder recommended that the Court reverse the Secretary's finding. No objections were filed and the Court adopted the Magistrates's view.

## KAY E. MILLER

Plaintiff Kay E. Miller sought disability benefits beginning at age 43 due to diabetes, bursitis and back problems. Ms. Miller has a high school G.E.D. and had worked as a waitress, cook and nurse's aide. After the initial denial of her claim, an ALJ found that Ms. Miller was restricted to sedentary work which did not require bilateral manual dexterity, but was not disabled. After affirmance by the Appeals Council, review was sought in this Court. Magistrate Binder recommended granting the plaintiff's unopposed motion for summary judgment because the ALJ had failed to follow the grid at § 201.00(h) which directed a finding of disability in such cases. No objections to the report and recommendation were filed and the Court entered judgment for the plaintiff.

## ALICE GARCIA

Plaintiff Alice Garcia sought benefits beginning at age 53 due to obstructive airway

disease, hiatal hernias and back pain. She had five years of formal education and had worked as a cashier and stocker for a department store. The ALJ found Ms. Garcia not to be disabled because she was still able to perform the cashier duties of her former job.

Upon review in this Court, Magistrate Binder found that the ALJ had erred by splitting the responsibilities of the plaintiff's former employment. He recommended a judgment for plaintiff. After considering the Secretary's objections to the report and recommendation, and hearing oral arguments on the issue, this Court adopted the Magistrate's view.

### ROBERT G. STOLL

Plaintiff Robert G. Stoll sought benefits for a period beginning in 1981 due to back and leg problems, and had already been approved for benefits beginning in 1974 for mental retardation. His insured status ran out in 1979. The Secretary determined that the 1974 onset date was in error and that Mr. Stoll had been overpaid. The ALJ agreed, finding that Mr. Stoll was disabled in 1981, when he was no longer insured, and had not been disabled in 1979 when he was insured. After the Appeals Council affirmed, plaintiff sought review in this Court. While plaintiff's motion for summary judgment was pending, the parties stipulated to a remand for an award of benefits beginning in 1979. The Secretary contends that the stipulation resulted from a change in regulations while the plaintiff characterizes it as an admission that the agency action was not substantially justified.

### KARL L. DEMANKOWSKI

Plaintiff Karl L. Demankowski's application for benefits was initially granted by an ALJ but, upon remand from the Appeals Council was denied because his insured status had expired and he had transferable skills. Review was sought in this Court and cross-motions for summary judgment were filed before United States Magistrate Paul J. Komives. The Magistrate recommended that judgment be entered for Plaintiff Demankowski because the ALJ erred both in computing the last insured status and in finding transferable skills.

No objections were filed and the Court granted plaintiff's motion for summary judgment. The Secretary now urges that he was substantially justified in finding that plaintiff was not insured because of a position that plaintiff's voluntary payment of self-employment taxes, which he was not obligated to pay, did not generate additional quarters of coverage.

### CONCLUSION

It is the opinion of the Court that only in the Stoll case has the government satisfied its burden of persuasion that the position of the United States was substantially justified.

It does not appear that there is any dispute as to the amount of fees and costs which should be awarded if the plaintiff is successful in any of these cases, but this issue has not been carefully examined.

Plaintiffs' counsel may prepare and submit for signature individual orders consistent herewith reflecting the claimed fees and awards seeking, if obtainable, the government's consent thereto as to amount and form but not as to entitlement.