Barbara G. CLOUTER, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

Civ. No. 84–1056–PA.

United States District Court, D. Oregon.

April 3, 1987.

Lorey H. Freeman and Michael H. Marcus, Legal Aid Service, Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Craig J. Casey, Asst. U.S. Atty., Portland, Or., and Kathryn Warma, Sp. Asst. U.S. Atty., Seattle, Wash., for defendant.

## OPINION

PANNER, Chief Judge.

Plaintiff moves to reopen this 1984 social security case, enter a final judgment, and award attorney fees in the amount of $1,779. I grant the motion and award the fees.

## BACKGROUND

Plaintiff applied for social security benefits in December 1982. She was diagnosed has having schizophrenia and generalized anxiety disorder. The Administrative Law Judge (ALJ) denied plaintiff's benefits in March, 1984. She requested review by the Appeals Council, arguing that the government failed to offer vocational evidence of specific jobs which she was capable of performing. The Appeals Council denied review, causing it to be the final decision of the Secretary. In September, 1984, plaintiff appealed to this court. In September, 1985, this court remanded for the Secretary to consider the vocational evidence. On remand, the ALJ again denied benefits. Plaintiff again sought review from the Appeals Council. The Appeals Council found her eligible for Supplemental Security Income benefits and disability insurance benefits. The Council found that her condition prevented her from performing work in a competitive setting.

The government does not now oppose plaintiff's motion to reopen or to enter final judgment. However, the government contends that plaintiff is not entitled to attorney fees. Plaintiff submits an affidavit for 23.72 hours at $75 per hour, for a total of $1,779.00. The hourly rate is $75 absent special circumstances. 28 U.S.C. § 2412(d)(2)(A) (1982). The government does not contend that plaintiff is not the prevailing party, but does contend that fees are not authorized because its position was "substantially justified."

## STANDARDS

 The Equal Access to Justice Act (EAJA) provides for awards of attorney's fees to parties prevailing against the United States unless the government's position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (1982). Prior to 1985, the standard for what constitutes a "substantially justified" position was reasonableness, except in the D.C. Circuit. Derby v. Bowen, 636 F.Supp. 803, 807 (E.D. Wash.1986). The government prevailed unless it had no authority for its position or no evidence to support the findings. The government in its brief presents this standard now. However, legislative history to the 1985 amendments to the EAJA changed the situation. The House Committee Report stated:

Another problem which has developed in the implementation of the Act has been the fact that courts have been divided on the meaning of "substantial justification." Several courts have held correctly that "substantial justification" means more than merely reasonable. Because in 1980 Congress rejected a standard of "reasonably justified" in favor of "substantially justified," the test must be more than mere reasonableness.

Especially puzzling, however, have been statements by some courts that an administrative decision may be substantially justified under the Act even if it must be reversed because it was arbitrary and capricious or was not supported by substantial evidence. Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.

The Committee expects that the determination of what is "substantially justi-

fied" will be decided on a case-by-case basis due to the wide variety of factual contexts and legal issues which make up government disputes.

H. Rep. No. 99–120, Part I at 9–10, *reprinted in* 1985 U.S. Code Cong. & Ad. News 132, 138. The fee does not automatically shift when the Secretary loses because an administrative decision is not supported by substantial evidence, but nearly so. *Derby v. Bowen,* 636 F.Supp. at 803; *Weatherby v. Secretary of Health and Human Services,* 654 F.Supp. 96 (E.D.Mich. 1987). In *Weatherby,* the court concluded from a review of the legislative history that Congress intended to emphasize the government's burden of persuasion. *Weatherby* cited a statement of Senator Grassley as the most helpful guideline:

> [J]ust because an agency loses on the merits of the case doesn't mean that it is automatically going to be liable for a fee award. The EAJA does not provide for automatic fee shifting. However, I would say that where the agency action is found by a court to be arbitrary and capricious or where there is little or no factual support for the agency action the Government as a practical matter ... has its work cut out for it to prove substantial justification.

Plaintiff is entitled to an award of costs in this case unless the government proves that it was substantially justified when, in denying disability in 1984, it failed to provide evidence of specific jobs which plaintiff was capable of performing.

## DISCUSSION

■ The government argues that its decision was substantially justified because the mental impairment standards of 20 C.F.R. 404, Subpart P, Appendix 1 did not take effect until August 1985. These standards, however, were irrelevant to the ultimate decision of the Appeals Council to grant benefits. The Appeals Council in December 1986, specifically found that plaintiff was not severely mentally impaired under the new standards. Rather, it based its decision upon its finding that there were not a significant number of jobs available for which plaintiff qualified.

The government also argues that its position as of March 1984 was justified because only after remand did evidence come to light indicating plaintiff's alcoholic condition and continuing anxiety and depression. It points out that the Appeals Council found an October 1985 medical report to be persuasive. Certainly the later medical reports were strong evidence, but they served primarily to underscore several earlier reports indicating that despite plaintiff's desire to rehabilitate herself, she could not handle the pressures of a job outside of a sheltered workshop setting. Accordingly the Appeals Council found her disabled as of her 1982 application dates. The new evidence available after the initial denial of disability was not controlling.

## CONCLUSION

The government has failed to show that it was substantially justified when, in denying disability in 1984, it failed to provide evidence of specific jobs of which plaintiff was capable of performing. I grant plaintiff's motion to reopen, to enter final judgment, and to award attorney's fees in the amount of $1,779.00.