Timothy J. FAULKNER, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

Civ. No. 84–340–BE.

United States District Court,
D. Oregon.

Oct. 6, 1987.

**1550**

Lorey H. Freeman, Michael H. Marcus, Legal Aid Service, Portland, Or., for plaintiff.

Richard Wetmore, Sp. Asst. U.S. Atty., Seattle, Wash., Laury Hennings, Asst. U.S. Atty., Portland, Or., for defendant.

## OPINION

BELLONI, District Judge.

Timothy Faulkner filed this application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). I am awarding fees in the amount of $1,697.18.

## FACTUAL BACKGROUND

The claimant filed an application for benefits on November 16, 1982 based on an extensive history of a combination of severe mental disorders. The application was initially denied. Claimant appealed and after a hearing an Administrative Law Judge (ALJ) concluded that the claimant did not have a severe impairment. The Appeals Council declined to review the ALJ's decision. The claimant sought judicial review, and the district court affirmed the Secretary on October 7, 1985. Claimant appealed to the United States Court of Appeals for the Ninth Circuit. The court of appeals remanded to the Secretary for further proceedings.

On remand the Appeals Council vacated both the denial of the claimant's request for review and the ALJ's decision. On a review of the record the second ALJ determined that the claimant suffered from severe schizophrenia attended by delusions and grossly disorganized behavior. The ALJ also concluded that the claimant suffered from an affective disorder characterized by a sleep disturbance, difficulty in concentrating, hallucinations, delusions, and paranoid thinking. The Appeals Council determined that since March 28, 1978 the claimant's impairments met the requirements of sections 12.03 A and 12.04 A(1), (3) of the listing of impairments. Based on this finding the claimant was awarded benefits almost five years after his application.

## LEGAL STANDARDS

Under the EAJA a district court is required to award fees to the successful claimant unless the government's position was substantially justified. *Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir.1987). The burden is on the government to prove substantial justification. *Id.; Clouter v. Bowen*, 658 F.Supp. 145, 147 (D.Or.1987). In determining whether the government's position is substantially justified the court must review the underlying government conduct and the totality of the circumstances before and during litigation. *Barry v. Bowen*, 825 F.2d at 1330.

## DISCUSSION

### A. *The Government's Position*

Plaintiff is entitled to an award of fees unless the government shows that it was substantially justified when it denied the claimant benefits in 1984. The government's main argument is that the district court affirmed the first ALJ's denial of benefits. However, the court of appeals directed the district court to remand the case to the Secretary for further administrative proceedings. That action effectively vacated the district court order affirming the ALJ. Consequently, the govern-

ment gains little support for its position by relying on a vacated order.

 The government also argues that the mental illness standards changed between the first decision and the ALJ's decision on remand; consequently a change in the legal standard accounts for the different result. After comparing the two standards I am convinced that they are similar enough that the same result should have been reached in the initial hearing. On remand the Appeals Council determined that the claimant had suffered from his severe mental illness since 1978. The only conclusion available is that the claimant was entitled to benefits when the ALJ denied his application in 1984, and that there was no reasonable basis in law or fact for the denial.

### B. *The Amount of Fees*

The claimant requests payment for 19.85 hours at $85.50 an hour. The hourly rate represents an increase of $10.50 an hour to account for 14% inflation in the Portland area since November 1981. The government does not object to the amount of time, but does argue that $75.00 is the maximum hourly rate allowable under the EAJA.

 The EAJA provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The government claims that because the EAJA was re-enacted in 1985 any cost of living adjustment must be calculated from 1985 not 1981, the effective date of the original act. The government's position has been adopted by the United States Court of Appeals for the Sixth Circuit. *Chipman v. Secretary of Health & Human Services,* 781 F.2d 545, 547 (6th Cir.1986). But it has been rejected by three other circuit courts of appeal. *Trichilo v. Secretary of Health and Human Services,* 823 F.2d 702, 707 (2nd Cir.1987); *Allen v. Bowen,* 821 F.2d 963, 967 (3rd Cir.1987); *Hirschey v. F.E.R.C.,* 777 F.2d 1, 5 (D.C.Cir.1985). I agree with the majority rule that cost of living adjustments must be calculated from 1981. The claimant bas-

es the cost of living adjustment on the change in the Consumer Price Index since November 1981. This method was approved by the court in *Allen v. Bowen,* 821 F.2d at 967.

I have considered the relevant factors in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) and I conclude that the claimant is entitled to recover $1,697.18 in attorney's fees.