Grace FLEMM, Plaintiff,

v.

Otis R. BOWEN, Secretary, Health and Human Services, Defendant.

No. C85–2308A.

United States District Court, N.D. Ohio, E.D.

Oct. 28, 1988.

Dianne R. Newman, Akron, Ohio, for plaintiff.

Michael Anne Johnson, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## ORDER

SAM H. BELL, District Judge.

Plaintiff Grace Flemm prevailed in this action filed pursuant to 42 U.S.C. § 405(g) for review of the Secretary's denial of her request for waiver of recovery of overpayment. She is now before the court on a timely motion for payment of attorney fees pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. The Secretary opposes such an award and, if one is granted, the amount of fees plaintiff seeks.

The EAJA provides, in pertinent part: Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ..., incurred by that party in any civil action ..., brought by or against the United States ..., *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.* (Emphasis added).

28 U.S.C. § 2412(d)(1)(A).

There is no question that plaintiff prevailed in this case. The Secretary denied plaintiff's request for waiver of repayment of Social Security funds she erroneously received. Plaintiff pursued her administrative remedies which resulted in a final decision denying her request for waiver. That decision was affirmed by the district court but reversed by the Sixth Circuit Court of Appeals. That court found that plaintiff was without fault in relation to the overpayment and remanded for a determination of whether requiring her to repay amounts erroneously received would defeat the purpose of the Social Security Act (the Act). At the administrative level, it was finally decided that it would not defeat the Act and that plaintiff's request for waiver should still be denied. Upon appeal to this court, the Secretary's decision was reversed and this court granted her request for waiver. The Secretary did not appeal further.

The issue to be decided is whether the position of the Secretary was "substantially justified" as that term is used in the EAJA. The test applied to make this determination is one of reasonableness involving whether the Secretary's litigating position had a reasonable basis in fact and in law. *See Trident Marine Construction, Inc. v. District Engineer,* 766 F.2d 974, 980 (6th Cir.1985); *Wyandotte Savings Bank v. N.L.R.B.,* 682 F.2d 119, 120 (6th Cir.1982). *Cf. Riddle v. Secretary of Health and Human Services,* 817 F.2d 1238 (6th Cir. 1987), *rehearing en banc granted* 823 F.2d 164 (1987).

The Supreme Court recently reviewed this standard and affirmed the test as applied by the Sixth Circuit and others. *Pierce v. Underwood,* 487 U.S. ——, ——, 108 S.Ct. 2541, 2549, 50, 101 L.Ed.2d 490, 504–05 (1988). In discussing the possible variables in meaning of the word "substantially," the Court rejected that the EAJA required a high degree of justification. The Court found instead that "substantially" justified meant "justified to a degree that could satisfy a reasonable person." *Id.* at ——, 108 S.Ct. at 2549, 101 L.Ed.2d at 504. This test is found no different from the reasonable basis in law and fact formation in use by the majority of courts. *Id.* at ——, 108 S.Ct. at 2550, 101 L.Ed.2d at 505. Expanding on this the Court stated that:

[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it had a reasonable basis in law and fact.

*Id.* at n. 2.

In this case, the court has no trouble concluding that there was "substantial justification" for the Secretary's litigating position seeking to have plaintiff's request for waiver denied. Plaintiff was errone-

ously paid over $13,000.00 in Social Security funds and was requested to repay that sum pursuant to the Act. She does not dispute that she received the money and that it was paid to her erroneously. The Secretary took the position that in plaintiff's case, repayment should not be waived. Although the Secretary did not prevail in its position, that is not the test. A reasonable person would think that this was a correct position, and that it had a reasonable basis in both the law and in fact.

Accordingly, as the Secretary's position was "substantially justified" as that term is used in the EAJA, plaintiff is not entitled to attorney fees. Thus, her motion for payment of attorney fees is denied.

IT IS SO ORDERED.