865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lola E. LARRY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-3359.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1989.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 This case poses exactly the issue that this Circuit had before it for en banc determination in Riddle v. Secretary of Health & Human Services, No. 86-5228, vacated, 823 F.2d 164 (6th Cir.1987). Following the Supreme Court's decision in Pierce v. Underwood, 108 S.Ct. 2541 (1988), the parties in Riddle agreed that the Secretary's position there was correct, and the appeal was dismissed. (Order of December 16, 1988). The same issue was also before the court in the case of In re Parke, Brock, Cooke; Gaffney v. Secretary of Health & Human Services, No. 86-3143, decided January 3, 1989 (unpublished). In each of these cases the issue was the standard for determining whether the position of the United States was "substantially justified" under 28 U.S.C. Sec. 2412(d)(1)(A), so as to avoid liability for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA).
 
 
 2
 In our case, Ms. Larry sought attorneys' fees after having been successful in an appeal of the Secretary's denial of social security benefits. The district court denied the motion. In denying the motion, the district court applied our Circuit's long-standing decision that the test of whether the government action was "substantially justified within the ambit of the statute is essentially one of reasonableness," citing Wyandot Savings Bank v. NLRB, 682 F.2d 119, 120 (6th Cir.1982). It is exactly this standard which the Supreme Court upheld in Pierce:
 
 
 3
 We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"--that is, justified to a degree that could satisfy a reasonable person.
 
 
 4
 Pierce, 108 S.Ct. at 2540.
 
 
 5
 The Court further held that district court decisions regarding attorneys' fees under the EAJA should be reversed only where the district court abuses its discretion. Id. at 2546-49. We find that the district court applied the proper standard of "reasonableness" and upon the facts of this case did not abuse its discretion in finding that the United States was substantially justified in its position denying Larry's application for benefits.
 
 
 6
 Accordingly, in conformity with the Supreme Court's decision in Pierce, we agree that the award of attorneys' fees in this case is unwarranted. The judgment of the district court is therefore affirmed.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation