2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re HAIDA CORPORATION, Debtor.
Jim EDENSO, Appellant,
v.
HAIDA CORPORATION, Appellee.
 No. 93-35104.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 5, 1993.
 
 Before: BROWNING, TANG, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bankruptcy creditor Jim Edenso appeals the district court's decision affirming the bankruptcy court's award of attorneys' fees and costs to debtor Haida Corporation. Following Haida's filing for bankruptcy in early 1985, Edenso filed a claim for a fee for a loan he allegedly helped secure for Haida, along with the costs incurred in securing such loan. The bankruptcy court disallowed the claim and awarded Haida approximately fifty percent of their attorneys' fees and costs. We affirm in part, reverse in part, and remand.
 
 
 3
 * Edenso claims that the bankruptcy court erred by awarding attorneys' fees to Haida because the American Rule against fee-shifting should apply to this action. However, we have held that "state law governs an award of attorney fees if state law and not federal bankruptcy law provides the rule of decision in a contested matter." In re Bybee, 945 F.2d 309, 315 (9th Cir.1991) (quotation omitted). Because the bankruptcy court disallowed Edenso's claim by applying Alaska state law, Alaska state law also governs the award of attorneys' fees. Under Alaska law, the prevailing party in a civil action may be awarded attorneys' fees. Alaska Stat. Sec. 09.60.010 (1992); Alaska R.Civ.P. 82(a). Therefore, the bankruptcy court did not err by awarding Haida a percentage of its fees.
 
 II
 
 4
 Edenso also challenges the bankruptcy court's award of $1,813.84 in attorney travel expenses to Haida. We agree with Edenso that these expenses may not be recovered as "costs" because they are not mentioned in 28 U.S.C. Sec. 1920, which governs the taxation of costs in federal courts. See West Virginia Univ. Hospitals, Inc. v. Casey, 111 S.Ct. 1138, 1141 (1991) (28 U.S.C. Sec. 1920 defines "the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further") (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987)); Wyandotte Sav. Bank v. N.L.R.B., 682 F.2d 119, 120 (6th Cir.1982) (counsel travel costs not recoverable as costs because not mentioned in 28 U.S.C. Sec. 1920); Commissioners of Highways v. United States, 653 F.2d 292, 298 (7th Cir.1981) (same). Because Congress has not specifically authorized bankruptcy courts to "go further" than section 1920's list of costs, the bankruptcy court erred in awarding Haida their attorney travel expenses.[1] We remand to the district court for a redetermination of the amount of costs properly awardable to Haida.
 
 
 5
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Contrary to Haida's assertion, Bankruptcy Rule 7054 does not permit the award of attorney travel costs here. Rule 7054 permits the award of "costs to the prevailing party except when a statute of the United States ... otherwise provides." Bankruptcy Rule 7054 (1987). Here, 28 U.S.C. Sec. 1920 is such a statute