15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Arnulfo ARMENTA, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and Human
Services, Defendant-Appellee.
 No. 87-6171.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1993.
Decided Feb. 3, 1994.
 
 Before: HUG, SCHROEDER and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arnulfo Armenta was first awarded disability benefits in 1976, with an onset date of August, 1973. Although Armenta did have definite physical limitations as a result of a 1973 accident, the evidence strongly suggested that his physical problems were exaggerated and exacerbated by mental disorders, and his benefits were awarded based largely on his mental condition. Armenta continued to receive disability benefits until April 23, 1982, when the Secretary determined that his disability had ceased in August of 1981. Armenta did not appeal this decision in federal court, but filed a new application for benefits which was denied on June 30, 1984.
 
 
 3
 On July 31, 1985, the district court remanded the Secretary's 1984 decision for further administrative action. On remand, the ALJ further developed the record regarding Armenta's mental disabilities, and ultimately concluded that Armenta's disability had continued uninterrupted since August 24, 1973.
 
 
 4
 On May 24, 1987, Armenta filed a motion for attorney's fees pursuant to 28 U.S.C. Sec. 2412(d) (EAJA) in federal court. The district court denied the motion on July 9, 1987, on the grounds that the Secretary's original position had been substantially justified. Armenta appealed on July 19, 1987. Apparently because of some doubt about whether or not an agency decision was a "final decision" for EAJA purposes, a panel of the Ninth Circuit remanded the case to the district court for entry of final judgment and a timely petition for attorney's fees. After the district court entered such a final judgment in the action and reaffirmed its prior decision denying attorney's fees, the case was reappealed and calendared before this panel.
 
 
 5
 As a preliminary matter, we note that due to the procedural history of this case, we face no jurisdictional issues under Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991), and Shalala v. Schaefer, 113 S.Ct. 2625 (1993). This case was expressly remanded for entry of a final judgment and the timely filing of an EAJA petition in 1987, well before the Supreme Court's decisions in either Melkonyan or Schaefer.
 
 
 6
 On the merits, we conclude that the district court erred in denying Armenta's application for fees. First, the fact that the record contained conflicting evidence as to Armenta's condition, as the district court pointed out in its remand decision, is not dispositive. In reaching his decision in 1984, the administrative law judge relied primarily on the same "voluminous" record that had previously supported the Secretary's decision that Armenta was disabled. No substantial justification appears for the Secretary's change of heart, based on essentially the same evidence. Although five different doctors examined or expressed opinions regarding Armenta's condition subsequent to the filing of his latest application, only one examined or commented on his mental health. That one, Dr. Al-Wardi, concluded that the plaintiff had chronic anxiety depression but was not totally disabled as he might be able to do sedentary work for one hour a day. Such limited ability to work, however, is not sufficient to engage in substantial gainful activity.
 
 
 7
 Because petitioner appeared pro se in his 1983 proceeding for reinstatement of benefits, the administrative law judge had a special duty to fully and fairly develop the record as to Armenta's condition. Richardson v. Perales, 402 U.S. 389 (1971); Vidal v. Harris, 637 F.2d 710 (9th Cir.1981). Considering that Armenta's prior disability had been largely due to psychological problems, the ALJ was not substantially justified in finding that Armenta was not disabled based on this paucity of current medical evidence on Armenta's mental condition. See, e.g., Koss v. Sullivan, 982 F.2d 1226 (8th Cir.1993) (Secretary's position not substantially justified where ALJ failed to develop the record, including the possibility of psychological impairment before denying benefits); Stewart v. Sullivan, 810 F.Supp. 1102, 1106 (D.Haw.1993) (Secretary's position not "substantially justified" because although "[t]he ALJ's determination may have been supported by the record, ... the record was incomplete ...").
 
 
 8
 In holding that the Secretary's position in this case was substantially justified, the district court also relied on the fact that on remand, the ALJ had concluded that Armenta was disabled under revised regulations regarding mental impairments. See 20 C.F.R. pt. 404, subpt. P, App. I. Although these listings had in fact been revised in the interim between the two administrative decisions on Armenta's case, the revisions were primarily organizational. The facts and characteristics that the ALJ found to apply to Armenta were not new, but were carried over from the regulations in effect at the time of the Secretary's original decision. See 50 Fed.Reg. 35038-01 (explaining how the regulations relating to mental disabilities had been changed); 20 CFR pt. 404, subpt. P, App. I (setting forth the current regulations); see also Faulkner v. Bowen, 673 F.Supp. 1549 (D.Or.1987) (Secretary's position not substantially justified where revised mental regulations were not significantly different from those in effect at the time of the Secretary's decision). Because the regulations affecting Armenta were not significantly different in 1984 and 1987, the Secretary was not substantially justified in denying him benefits in 1984.
 
 
 9
 REVERSED. The case is REMANDED to the district court for determination of Armenta's reasonable attorney's fees including fees on this appeal.
 
 
 
 *
 Donna Shalala, the current Secretary of HHS, is substituted for former Secretary Bowen pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3