46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SCHOOL BUS SERVICES, INC., Respondent.
 No. 93-70936.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1994.
Decided Jan. 9, 1995.
 
 On Application for Enforcement of an Order of the National Labor Relations Board, NLRB No. 36-CA-6566.
 NLRB
 ORDER ENFORCED.
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal is before us on the application of the National Labor Relations Board ("Board") to enforce its decision and order of August 31, 1993 against School Bus Services, Inc. of Portland, Oregon. The administrative law judge ("ALJ") found that School Bus Services violated sections 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. Secs. 158(a)(1) & 158(a)(5),[1] by refusing to recognize and negotiate with the Union approved by employees of its predecessor, Special Mobility Services, Inc. The Board affirmed the ALJ's decision. At issue on appeal is the appropriateness of the bargaining unit approved by employees of Special Mobility Services, Inc. for certain employees of its successor, School Bus Services.
 
 
 3
 The Board's order must be enforced if the Board's "findings of fact are supported by substantial evidence and the [Board] has correctly applied the law." NLRB v. International Bd. of Elec. Workers, IBEW Local 112, 992 F.2d 990, 992 (9th Cir.1993). The Board's legal conclusion that the bargaining unit is appropriate will be affirmed unless it is arbitrary and capricious. Pacific Southwest Airlines v. NLRB, 587 F.2d 1032, 1037 (9th Cir.1978). "Because this is an area where special expertise is needed, the Board has exceptionally broad discretion in determining an appropriate unit." Id. This court "may [not] displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951).
 
 
 4
 School Bus Services, Inc. "candidly recognizes that it has a daunting task here because the Board's judgment as to an appropriate bargaining unit will rarely be disturbed on appeal. Alaska Statebank v. NLRB, 653 F.2d 1285 (9th Cir.1981)." Petitioner's Brief at 9. Under the arbitrary and capricious standard of review, the Board's order may be reversed only where there has been a clear error of judgment and the Board has not considered the relevant factors. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). All that is necessary is a rational connection between the facts found and the choice made. Natural Resources Defense Council, Inc. v. United States Environmental Protection Agency, 966 F.2d 1292, 1297 (9th Cir.1992). However, "a reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view." Universal Camera Corp., 340 U.S. at 488.
 
 
 5
 An employer succeeds to the collective bargaining obligation of a predecessor: (1) if a majority of its employees are former employees of the predecessor and (2) if the similarities between the two operations manifest a "substantial continuity" between the enterprises. Fall River Dyeing & Finishing Corp. v. NLRB, 482 U.S. 27, 41-43 (1987). The record shows that fifty-one of the sixty-five employees hired by School Bus Services, Inc. to drive buses for the disabled were former drivers for Special Mobility Services, Inc. Moreover, the contract between Tri-Met and School Bus Services, Inc., required former employees of Special Mobility Services to be hired.
 
 
 6
 The factors the Board had to examine to determine if there was substantial continuity between School Bus Services, Inc. and Special Mobility Services, Inc., such that the bargaining unit survived, were: (1) whether the business of School Bus Services, Inc. and Special Mobility Services, Inc. were essentially the same; (2) whether the employees of the new company are doing the same jobs in the same working conditions under the same supervisors; and (3) whether School Bus Services, Inc. has the same production process, produces the same products, and basically has the same body of customers. See id. at 43.
 
 
 7
 In concluding that the bargaining unit survived, we look to the record, which demonstrates that there is substantial evidence to support the Board's view that there was substantial continuity between Special Mobility, Inc. and School Bus Services, Inc. There was no hiatus in operations and paratransit drivers continued to drive the same vehicles throughout the same geographic area transporting the same clientele for the same client. The paratransit drivers worked similar days and hours; underwent similar training, and retained their seniority. The majority of drivers worked out of the same location they used for Special Mobility Services. In short, School Bus failed to show that the changes it brought to the paratransit operation significantly disrupted the continuity of the paratransit operation as that operation passed from Special Mobility's control to School Bus's control.
 
 
 8
 Even if we were to agree with School Bus Service's view of the facts that this was not the appropriate bargaining unit, we have no authority to substitute our view for that of the Board if substantial evidence supports its view. See NLRB v. International Bd. of Elec. Workers, IBEW Local 112, 992 F.2d at 992.
 
 
 9
 As for whether the Board made an arbitrary and capricious decision, we conclude that a connection was shown between the facts found and the decision that a bargaining unit survived the transfer of services and employees from Special Mobility to School Bus Services. Thus there was no clear error in judgment.
 
 
 10
 The order of the Board is ENFORCED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Sections 158(a)(1) and (5) provide:
 It shall be an unfair labor practice for an employer--to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;
 ....
 to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title.