Charles E. GAVETTE, Petitioner,

v.

OFFICE OF PERSONNEL MANAGE-
MENT and Department of the
Treasury, Respondents.

Appeal No. 84–1286.

United States Court of Appeals,
Federal Circuit.

April 16, 1986.

Dennis A. Peppler, Gropman & Peppler, P.C., of Southfield, Mich., argued for petitioner.

Robert A. Reutershan, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondents. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director, Murray Meeker, Office of the Gen. Counsel, Office of Personnel Management, of counsel.

Before MARKEY, Chief Judge, RICH, Circuit Judge, and COWEN, Senior Circuit Judge.

## ORDER

In its in banc decision of February 28, 1986, 785 F.2d 1568, this court held that pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), petitioner is entitled to recover reasonable attorney fees and expenses incurred in his appeal to this court from an adverse decision of the Merit Systems Protection Board (MSPB). The court referred petitioner's application to this panel for a determination of the amount to be awarded.

The court also granted petitioner's application for attorney fees incurred in the proceedings in the MSPB, but the court remanded the application for such fees to that agency for determination of the amount of reasonable fees (but not expenses) to be awarded in connection with the MSPB proceedings.

In determining the amount of attorney fees and expenses which petitioner is entitled to recover in connection with his appeal to this court, the panel is first required to decide the following issues:

1. Whether, as petitioner contends, he is entitled to recover attorney fees at an hourly rate of $100, because of the limited availability of qualified attorneys for the proceedings in this court; and

2. Whether, as respondents contend, the number of hours of time for which attorney fees are sought, is excessive and should be significantly reduced.

The EAJA provides in part that:

(ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

■ In an affidavit accompanying petitioner's application, his attorney averred that the customary charge for services furnished by him, based on the currently prevailing market rate for the kind and quality of services furnished as of the time they were rendered, was from $85–$185 per hour for handling appeals to this court. The affidavit also stated that there is a limited availability of attorneys in the Detroit area, who have the capability and willingness to handle proceedings of the nature and kind involved in this case, and therefore, that the fees and expenses incurred by petitioner were justified, necessary and reasonable. On the basis of the affidavit, petitioner claims he is entitled to an award of $100 per hour for attorney fees. Respondents challenge the claim for the increased rate, only by an unsworn statement, to the effect that petitioner has made no showing that the unavailability of counsel justifies an increase in the rate of $75 per hour. Consequently, we find that the respondents' objection is insufficient to prevail against the attorney's affidavit and that petitioner is entitled to recover attorney fees at the hourly rate of $100.

In *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), the Supreme Court declared that in actions involving the determination of reasonable attorney fees, there should be excluded from the fee request hours that are excessive, redundant, or otherwise unnecessary.

■ Guided by the Supreme Court's directive, we have carefully considered petitioner's application for the attorney fees and expenses incurred in the appeal to this court and in the proceedings in the MSPB, together with respondents' objections to the application and petitioner's response to such objections. As a result, we have determined that the number of hours for which petitioner seeks attorney fees is excessive and inapplicable to this appeal by 97.87 hours. This determination includes a disallowance for the hours which we have found should properly be allocated to time spent by the petitioner's attorney in connection with a tentative proposal to file with the Equal Employment Opportunity Commission a claim for discrimination against petitioner and to request this court to stay its proceedings pending a decision by the EEOC.

As a result of the reduction we have made, petitioner is entitled to recover attorney fees in connection with the appeal to this court in the amount of $14,863.

■ Petitioner's sworn application is accompanied by an itemized statement showing that the attorney incurred expenses (not included in the bill of costs) in the appeal to this court amounting to $556.11. The respondents have made no objection to the claim for expenses, and petitioner is entitled to recover the $556.11, as claimed.

IT IS THEREFORE, ORDERED that petitioner is entitled to recover $14,863 for attorney fees, plus $556.11 for expenses, or a total of $15,419.11. Accordingly, judgment is entered for the petitioner for the sum of $15,419.11.