**UNITED STATES of America, Plaintiff,**

v.

**ONE 1982 TOYOTA SR 5 PICK–UP TRUCK, VIN: JT4RN48D9C00039987, Defendant.**

No. 86 C 1091.

United States District Court,
N.D. Illinois, E.D.

Aug. 18, 1986.

Jack Penca, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Thomas R. Nash, Nash & Nash, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Claimant Placido Manfredini has filed a verified claim objecting to the United States' verified complaint for forfeiture of a 1982 Toyota pick-up truck under the provisions of 8 U.S.C. § 1324(b) (1982). The parties have filed cross-motions for summary judgment. Based on the undisputed facts in the record as discussed below, we grant partial summary judgment to the government and deny Manfredini's motion for summary judgment.

The following facts are essentially undisputed. Manfredini is the registered owner of a 1982 Toyota pick-up truck (the "Toyota truck") which he used in his landscaping business. Early in the morning on April 23, 1985, Manfredini and his son, Rico, who worked with him in the business, met one of their employees, Jesus Garcia-Lejos, in front of their home. They drove to an address on Underwood Avenue in Highland Park, Illinois, where the company landscaping equipment was stored, with Manfredini in one of the company's trucks and Rico driving the Toyota truck with Garcia-Lejos as a passenger. When they arrived at the storage area, agents of the Immigration and Naturalization Service ("INS") conducted a raid in which they seized as alleged undocumented aliens several of Manfredini's employees, including Garcia-Lejos. At the same time, the INS agents seized the Toyota truck which is the defendant in this case. The government admitted in response to Manfredini's Requests to Admit Facts that Rico was driving the truck in the ordinary course of the landscaping business, although it disputes that transporting Garcia-Lejos was in the ordinary course of business.

Exhibits submitted by the government indicate that: (1) about twenty-two alleged illegal aliens were arrested at the time of the raid; (2) Garcia-Lejos admitted to a government investigator that he was a Mexican citizen and that he had entered the United States illegally on April 1, 1985; (3) Garcia-Lejos acknowledged that the Manfredinis knew that his presence in the country was unlawful since he had known them for quite some time; (4) Manfredini told another federal agent that Garcia-Lejos had spent the last year in Mexico and had just recently returned to the United States; (5) employees of Manfredini had been arrested in the past as undocumented aliens.

The government's seizure of the Toyota truck was under the authority of 8 U.S.C. § 1324(b) (1982), which provides with certain exceptions not relevant here that "(1) Any conveyance, including any vessel, vehicle, or aircraft, which is used in the commission of a violation of subsection (a) of this section shall be subject to seizure and forfeiture...." Subsection (a) provides that:

Any person, including the owner, operator, pilot, master, commanding officer,

agent, or consignee of any means of transportation who— ... (2) knowing that he is in the United States in violation of law, and knowing or having reasonable grounds to believe that his last entry into the United States occurred less than three years prior thereto, transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, *in furtherance of such violation of law* ... any alien ... not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this chapter or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony....

8 U.S.C. § 1324(a)(2) (1982) (emphasis added).

■■■ The five elements of the crime of transporting illegal aliens are: (1) the defendant transported an alien within the United States; (2) the alien was in the United States in violation of law; (3) this was known. to the defendant; (4) the defendant knew or had reasonable grounds to believe that the alien's last entry into the United States was within the last three years; and (5) defendant acted willfully in furtherance. of the alien's violation of the law. *See, e.g., United States v. Shaddix,* 693 F.2d 1135, 1138 (5th Cir.1982). The focus of the dispute in the present case is over the fifth element, whether Manfredini acted willfully in furtherance of the alien's violation of the law. Manfredini's claim is that the use of a vehicle to transport an alien in the course of employment is only incidental to the alien's illegal presence and that such transportation is therefore not "in furtherance of" a violation of the law. The government's position is that any transportation in the employment context is "in furtherance" of the alien's unlawful presence because it enables him to maintain employment. The case law on this matter overwhelmingly supports the position that not all knowing transportation of known undocumented aliens in the employment context is "in furtherance" of the alien's unlawful presence in the United States. *See United States v. Fierros,* 692 F.2d 1291, 1295 (9th Cir.1982), *cert. denied,* 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350 (1983) ("It is true that mere transportation of illegal aliens to and from the fields on the ranch or farm where they are working does not fall within a fair reading of the prohibitions of § 1324"); *United States v. Moreno,* 561 F.2d 1321, 1323 (9th Cir.1977); *United States v. Salinas-Calderon,* 585 F.Supp. 599 (D.Kan.1984). Rather, there must be a "direct or substantial relationship" between the act of transportation and the furtherance of the alien's unlawful presence. *United States v. Merkt,* 764 F.2d 266, 271–72 (5th Cir.1985); *Moreno,* 561 F.2d at 1323. The direct or substantial relationship test requires that courts distinguish between acts which are geared more toward surreptitious or furtive transportation of undocumented aliens which inhibits government enforcement of immigration laws and more attenuated incidents involving minimal employment-related transportation. *See, e.g., Fierros,* 692 F.2d at 1295.

■■■ Although these cases are all criminal prosecutions, they are relevant since the civil forfeiture provision requires that the conveyance have been used in violation of subsection (a). 8 U.S.C. § 1324(b)(1) (1982). The major distinction between the criminal prosecution and the civil forfeiture is in the burden of proof. In judicial forfeiture actions brought by the United States where there is a claimant to the conveyance, the claimant has the burden of proof, provided that the government first establishes probable cause for the institution of the action. 8 U.S.C. § 1324(b)(5) (1982); *United States v. One 1979 Lincoln Continental,* 603 F.Supp. 620, 622 (W.D.Tex. 1984).

■■■ Summary judgment is appropriate in cases where there are no genuine issues of material fact, and the moving party is accordingly entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Korf v. Ball State University,* 726 F.2d 1222, 1226 (7th Cir.1984). Based on our review of the

undisputed facts, we find that the government agents had probable cause to seize Manfredini's Toyota truck during the raid. Accordingly, we grant partial summary judgment to the government on the issue of probable cause only. *See* 8 U.S.C. § 1324(b)(5) (1982). Nevertheless, we disagree with the government's position that all transportation in the employment context of known undocumented aliens is "in furtherance" of their unlawful presence within the meaning of § 1324(a)(2). However, Manfredini did not present the Court with any evidence on this point and has clearly not met his burden of proof on his claim that the transportation was lawful rather than unlawful under § 1324(a)(2). The record must be more fully developed with regard to the "in furtherance" requirement, and Manfredini is entitled to an opportunity to present evidence to meet his burden. With this in mind, the Court refers this cause to Magistrate James T. Balog for a hearing wherein Manfredini will be afforded the opportunity to rebut the government's contention that he acted "in furtherance" of an alien's unlawful presence in the United States. Magistrate Balog is to file his Report and Recommendation with this Court within forty days.

Accordingly, for the reasons set forth herein, we deny Manfredini's summary judgment motion and partially grant the government's summary judgment motion. There will be a status hearing at 10:00 a.m. on October 21, 1986, before this Court following the Magistrate's Report. It is so ordered.