**Charles G. ALLEN, Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 86–1705.**

United States Court of Appeals, Third Circuit.

Argued May 15, 1987.

Decided June 25, 1987.

received an award. Allen requested attorneys fees, and the district court, finding that the Secretary's position had not been substantially justified, awarded $75.00 an hour for 13.5 hours of legal services. The court refused, however, to adjust the $75.00 an hour rate upward to take into account inflation since that statutory rate was fixed in 1981. The court held that Congressional reenactment of the EAJA in August 1985 required that inflation prior to that date must be disregarded. Alternatively, the court concluded that Allen failed to justify the cost of living adjustment. We will reverse.

Eric J. Fischer (argued), Community Legal Services, Inc., Law Center North Central, Philadelphia, Pa., for appellant.

Richard K. Willard, Asst. Atty. Gen., Edward S.G. Dennis, Jr., U.S. Atty., William Kanter, Jay S. Bybee (argued), Attys., Appellate Staff, Civil Div., Washington, D.C., for appellee.

Before GIBBONS, Chief Judge, MANSMANN, Circuit Judge and McCUNE, District Judge.*

**OPINION OF THE COURT**

GIBBONS, Chief Judge:

Community Legal Services, Inc. of Philadelphia (Community Legal Services), appeals on behalf of its client, Charles Allen, from an order awarding attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Supp. III (1985)) (EAJA). Allen, an applicant for disability benefits under the Social Security Act, was successful in obtaining judicial review, pursuant to 42 U.S.C. § 405(g) (1982), of the initial agency denial of such benefits, and after a remand from the district court, ultimately

## I.

Although the amount involved in this appeal is small, the issue of statutory interpretation is of considerable significance to legal services organizations which represent claimants against federal agencies. Section 2412(d)(1)(A) of the EAJA provides for a mandatory award of counsel fees to qualified prevailing parties in certain civil actions against the United States. Section 2412(d)(2)(A)(ii) provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." We have noted that "the cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the litigation process." *Natural Resources Defense Council, Inc. v. Environmental Protection Agency*, 703 F.2d 700, 713 (3d Cir.1983).

Originally enacted in 1980, the Equal Access to Justice Act became effective on October 1, 1981. The Act provided, however,

Effective October 1, 1984, subsection (d) of section 2412, as added by subsection (a) of this section, is repealed, except that the provisions of that subsection shall continue to apply through final disposition of any action commenced before the date of repeal.

---

* Hon. Barron McCune, United States District Judge for the Western District of Pennsylvania, sitting by designation.

Pub.L. 96–481 § 204(c), 94 Stat. 2329. The legislative history of Pub.L. 96–481 describes this "is repealed" language as a "sunset provision, repealing subsection (d) of section 2412 of title 28 at the end of three years...." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 19, *reprinted in* 1980 U.S. Code Cong. & Admin.News 4953, 4984, 4998. Clearly, however, there was no sunset with respect to actions commenced prior to October 1, 1984.

Allen's section 405(g) petition for review was filed on October 26, 1983, and the remand to the agency occurred on January 26, 1984. Thus if section 204(c) of Pub.L. 96–481 were to still govern, Allen would be entitled not only to a fee award, but to the cost of living adjustment authorized by section 204(a) of that statute.

Before the October 21, 1984 sunset date, Congress considered making the Equal Access to Justice Act permanent. On August 5, 1985 it enacted Pub.L. 99–80, which made the Act permanent, and included a number of clarifying amendments. Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99–80, 90 Stat. 183 (Aug. 5, 1985), *codified at* 5 U.S.C. § 504 and 28 U.S.C. § 2412. The language chosen in making the Act permanent is found in sections 6 and 7:

SEC. 6. TREATMENT OF EXPIRED PROVISIONS OF LAW.

(a) Revival of Certain Expired Provisions. Section 504 of title 5, United States Code, and the item relating to that section in the table of sections of chapter 5 of title 5, United States Code, and subsection (d) of section 2412 of title 28, United States Code, shall be effective on or after the date of the enactment of this Act as if they had not been repealed by sections 203(c) and 204(c) of the Equal Access to Justice Act.

(b) Repeals.—

(1) Section 203(c) of the Equal Access to Justice Act is hereby repealed.

(2) Section 204(c) of the Equal Access to Justice Act is hereby repealed.

SEC. 7. EFFECTIVE DATE

(a) In General.—Except as otherwise provided in this section, the amendments made by this Act shall apply to cases pending on or commenced on or after the date of the enactment of this Act.

(b) Applicability of Amendments to Certain Prior Cases.—The amendments made by this Act shall apply to any case commenced on or after October 1, 1984, and finally disposed of before the date of the enactment of this Act, except that in any such case, the 30-day period referred to in section 504(a)(2) of title 5, United States Code, or section 2412(d)(1)(B) of title 28, United States Code, as the case may be, shall be deemed to commence on the date of the enactment of this Act.

Pub.L. No. 99–80, §§ 6, 7, 90 Stat. 186.

The government's position, which the district court apparently accepted, is that the quoted sections, separately or together, had the effect of making the cost of living adjustment provision of Pub.L. 96–481 inapplicable even to actions pending prior to October 1, 1984. As best we understand it, the government's interpretation of Congressional intention is as follows:

(1) Section 6(a) of Pub.L. 99–80 "reenacted" 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), and thus made the $75 per hour rate the base rate for August, 1985.

(2) Section 6(b) of Pub.L. 99–80 "repealed" the provision carrying forward the original Act for pending cases; and

(3) Section 7(a) of Pub.L. 99–80 made the amended Act applicable to pending cases, and thus made the cost of living adjustment clause operative from August 5, 1985 forward.

Thus, according to the government, the 99th Congress intended to take back, for pending cases, one of the benefits, a cost of living adjustment, which the 96th Congress had plainly conferred in section 204(c).

Community Legal Services, on the other hand, contends that the 99th Congress intended to make the EAJA permanent for both pending and new cases as if the "sunset provision" in section 204(c) had never taken effect. The language on which the government relies, it urges, is merely the result of timing difficulties Congress encountered in enacting the legislation.

The progenitor of Pub.L. 99–80 was H.R. 5479, introduced by Congressman Kastenmeier. In doing so, he noted that "[t]he primary purpose of H.R. 5479 is to extend and make permanent those provisions of the Equal Access to Justice Act which will expire on October 1, 1984." 130 Cong.Rec. H 9298 (daily ed. Sept. 11, 1984) (statement of Cong. Kastenmeier). After a number of amendments, H.R. 5479 was passed unanimously in both Chambers on October 11, 1984, ten days after the October 1, 1984 expiration date in sections 203(c) and 204(c) of the 1980 law. Thus, technically the 1980 law expired, except for pending cases. It was not immediately revived, because the President vetoed H.R. 5479 on November 8, 1984. *See* H.R.Rep. 120, 99th Cong., 1st Sess., *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 134.

While the Equal Access to Justice Act was, by virtue of sections 203(c) and 204(c) of Pub.L. 96–481, still in effect for cases pending on October 1, 1984, it had otherwise expired. On June 24, 1985 Congressman Kastenmeier introduced H.R. 2378, a revised version of the bill the President had vetoed. Since, except for cases pending on October 1, 1984, the Act had technically expired, it was necessary to revive it, and then to modify it.[1] Section 6 of H.R. 2378 provided:

(a) Revival of Certain Expired Provisions.—Section 504 of Title 5, United States Code, and the item relating to that section in the table of sections of chapter 5 of title 5, United States Code, and subsection (d) of section 2412 of title 28, United States Code, shall be effective on or after the date of the enactment of this Act as if they had not been repealed by sections 203(c) and 204(c) of the Equal Access to Justice Act.

(b) Repeals.—

(1) Section 203(c) of the Equal Access to Justice Act is hereby repealed.

(2) Section 204(c) of the Equal Access to Justice Act is hereby repealed.

131 Cong.Rec. H4761 (daily ed. June 24, 1985). This language, on which the government relies, was adopted in the final version of the Pub.L. 99–80. Mr. Kastenmeier noted that this bill would apply to any case pending on or after October 1, 1984. *See* 131 Cong.Rec. H4762 (daily ed. June 24, 1985) (statement by Cong. Kastenmeier).

Both the House and Senate approved this version of the bill. Senator Domenici noted:

[T]his bill contains a provision extending the protection to cases pending at the date of its enactment and covering cases filed on or after October 1, 1984 and disposed of before the date of its enactment. These provisions are essential to ensure that no party is denied the protection of the act solely because of the failure of the President to approve the bill last year. *It is our intent that the protection afforded by the Equal Access to Justice Act be deemed continuous from the date of its first enactment.*

131 Cong.Rec. S9997 (daily ed. July 24, 1985) (statement by Senator Domenici) (emphasis added).

This legislative history discloses that Congress' original, unanimous intent, prior to the President's veto, was simply to repeal the sunset provisions, and thus provide uninterrupted coverage by the Act. Once the President vetoed H.R. 5479, a mechanism had to be devised so as to provide, as Senator Domenici observed, " 'continuous protection' from the date of [the EAJA's] first enactment." *Id.* This was achieved, Congress thought, by the rather

---

1. The legislative history notes:

Section 6 contains technical amendments. Subsection (a) provided that section 504 of title 5 and subsection (d) of section 2412 of title 28 which were repealed by the original EAJA are revived by this Act. This amendment is necessary because by its terms the EAJA Act was set to expire or permanent authorization of the Act would have been in place by October 1, 1984. Because of the

hiatus which occurred between October 1, 1984 and this bill, it is necessary to revive those provisions of law which were repealed, and subsection (a) does that. Subsection (b) repeals the old subsection of the original EAJA.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 20–21, *reprinted in* 1985 U.S.Code.Cong. & Admin.News 149.

clear language of H.R. 2378, which provided that the attorneys' fees sections shall be effective on or after the date of the enactment of this Act, "as if they had not been repealed." Pub.L. No. 99–80, 99 Stat. 183, 186 (Aug. 5, 1985), *codified at* 28 U.S.C. § 2412.

Nothing in the legislative history suggests that Congress' decision not to raise the $75 flat hourly rate was in any way indicative of its desire to reduce the cost of living adjustment. The fact that Congress did not in 1985 raise the $75 rate to compensate attorneys for the rise in the cost of living cannot, where the statute already provided the necessary adjustment mechanism, suggest a desire by Congress to preclude attorneys from recovering the adjustment. The suggestion that Congress intended to withdraw the cost of living adjustment from pending cases under a statute which had not by its terms expired is even more improbable. As one court has observed, "there is nothing in the legislative history of the 1985 amendments to indicate a congressional intent that inflation occurring between 1981 and 1985 now should be ignored." *Sierra Club v. Marsh*, 639 F.Supp. 1216, 1221 (D.Me.1986). The intention of Congress is plainly revealed by the language in Section 6(a) of Pub.L. 99–80 that 5 U.S.C. § 504 and 28 U.S.C. § 2412 "shall be effective on or after the date of the enactment of this act *as if they had not been repealed* by sections 203(c) and 204(c) of the Equal Access to Justice Act." (emphasis supplied). The repeal of sections 203(c) and 204(c) means no more than that the October 1, 1984 expiration date is eliminated, and the exception to it is no longer necessary.

■ We therefore join those courts which have read Pub.L. 99–80 as intending to have the cost of living adjustment to the $75 an hour rate measured from 1981. *Hirschey v. F.E.R.C.*, 777 F.2d 1, 5 (D.C. Cir.1985); *Trichillo v. Secretary of Health and Human Services*, 647 F.Supp. 125 (N.D.N.Y.1986); *Sierra Club v. Marsh*, 639 F.Supp. 1216 (D.Me.1986); *Jackson v. Heckler*, 629 F.Supp. 398 (S.D.N.Y.1986); *Carrion v. Barven*, Civ. No. 83–4115 (E.D.Pa. Nov. 21, 1986). The contrary opinion in *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545 (6th Cir.1986) fails to analyze the legislative history of Pub.L. 99–80, and is not persuasive.

## II.

Since we have rejected the government's argument that Pub.L. 99–80 took back the cost of living adjustment for pending cases, we turn to the district court's alternative holding that Allen did not present any information on which such an adjustment could be made.

■ Community Legal Services calculated its cost of living adjustment by applying a formula incorporating the Consumer Price Index, published by the Bureau of Labor Statistics. Initially, the district court noted that Community Legal Services had failed to provide adequate documentation of the enhanced fee. On a motion for reconsideration, Community Legal Services pointed to the Consumer Price Index calculation in exhibit C of its motion for an award of attorneys' fees. The district court ruled, nevertheless, that the formula proffered was not an accepted and accurate gauge of cost of living increases and that the proffered figures were not relevant to determining such increases.

This court has expressly approved the use of the Consumer Price Index in determining cost of living adjustment under the Equal Access to Justice Act, observing:

[Petitioner] urges that an award in excess of $75.00 an hour is appropriate.... [Petitioner] seeks an adjustment to $77.86 an hour because of the increased cost of living occurring since the effective date of the Act on October 1, 1981. The calculation is made on the basis of the Consumer Price Index published by the Bureau of Labor Statistics. The Act plainly delegates to the court authority to make such an adjustment, although with little guidance as to when it is appropriate. The purpose of the statute was to encourage challenges to agency action, and the cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the

litigation process. The requested adjustment should therefore be made. *Natural Resources Defense Council v. Environmental Protection Agency*, 703 F.2d at 713. That case is controlling. The application of the Consumer Price Index to the rate and hours here, which are undisputed, is merely a matter of calculation.

### III.

Since neither ground on which the district court relied in rejecting Allen's application for a cost of living adjustment can be upheld, the judgment appealed from must be reversed, and the case remanded for the entry of a judgment awarding Allen's attorneys' fees at the rate of $87.35 for 13.5 hours.