**John J. BIELEC, Jr., Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 81–3653 (JFG).**

United States District Court,
D. New Jersey.

Dec. 14, 1987.

201

Jacobs & Schwalbe, P.C. by Richard E. Yaskin, Voorhees, N.J., for plaintiff.

Samuel A. Alito, Jr., U.S. Atty. by Cornelia E. Dude, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

GERRY, Chief Judge:

This is a motion by plaintiff, John J. Bielec, Jr., for an award of counsel fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Plaintiff contends that such an award is appropriate because the Secretary's opposition to his ultimately successful Social Security appeal was not "substantially justified." Further, plaintiff argues that his attorney's fees should be fixed above the $75.00 per hour limit set by the statute, 28 U.S.C. § 2412(d)(2)(A), both to reflect a cost of living increase and in recognition of "the limited availability of qualified attorneys" for pursuing Social Security appeals to the Federal appellate level. *Id.*

Defendant, in opposition to the instant motion, does not dispute that he lacked substantial justification for opposing plaintiff's claim of Social Security disability benefits, and that a counsel fee award is thereby warranted. The Secretary takes issue, however, with plaintiff's proposed fee enhancement beyond the $75.00 statutory cap.

## FACTUAL BACKGROUND

Bielec commenced the underlying action by filing an application for disability insurance benefits on April 23, 1980. His application was twice denied, and a subsequent hearing before an Administrative Law Judge ("ALJ") on February 3, 1981 resulted in a finding that Bielec did not suffer from a qualifying disability. This adverse finding became the final Order of the Secretary when it was approved by the Appeals Council on September 23, 1981.

Plaintiff filed a timely complaint with this court, seeking review of the Secretary's Order. By letter Opinion and Order filed January 21, 1983, this court remanded the case to the Secretary for explanation as to why seemingly probative evidence on disability had been rejected. On December 27, 1983, the ALJ issued a supplemental decision, again recommending that Bielec be found not disabled, on the basis of additional medical evidence and upon a finding that Bielec's condition was remediable. This supplemental recommendation became the final Order of the Secretary when it was adopted by the Appeals Council on April 4, 1984.

Plaintiff reopened his civil action in this court for review of the supplemental administrative decision. On October 29, 1984, this court affirmed that decision. At this juncture, plaintiff's attorney, Jay F. Levin, contacted Richard E. Yaskin, Esq., about the possibility of pursuing an appeal of Bielec's case to the United States Court of Appeals for the Third Circuit. Yaskin became successor counsel for plaintiff and filed a timely notice of appeal to the Third Circuit on November 26, 1984. On July 24, 1985, the Third Circuit reversed the decision of this court and remanded with instructions to remand to the Secretary. On remand proceedings, the ALJ recommended that plaintiff's disability be established effective March 7, 1979. The recommendation was adopted as the final Order of the Secretary, and a Consent Order, filed April 23, 1987, dismissed the civil action as moot.

On May 22, 1987, plaintiff filed the instant EAJA application with this court. The application seeks fees of $90.00 per hour for 22 hours expended by attorney Levin in trying plaintiff's case before this court and $95.00 per hour for 79 hours expended by attorney Yaskin in litigating the Third Circuit appeal and in making the

fee application. The application also requests $278.42 in costs sustained in the Third Circuit appeal.

LEGAL ANALYSIS

█ As noted above, the Secretary does not contest plaintiff's claim that an award of attorney's fees is justified. The only issue here is the appropriate hourly rate. Section 2412(d)(2)(A)(ii) of the EAJA provides:

attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Plaintiff asserts that an increase to $90.00 per hour is appropriate for attorneys Levin and Yaskin to compensate for the increased cost of living from 1981, the date the EAJA became effective, to 1986, the date Bielec's benefits were finally established by the Secretary. Additionally, plaintiff seeks an additional $5.00 per hour for attorney Yaskin, to reflect the fact that there are a limited number of attorneys able to engage in Social Security benefits work at the Federal appellate level.

The Secretary counters by first arguing that any cost of living increase, if at all justified, must be calculated from 1985, when Congress reenacted the EAJA, and not 1981. This issue, essentially one of statutory interpretation, has recently been settled in this Circuit. In *Allen v. Bowen,* 821 F.2d 963 (3d Cir.1987), the Court of Appeals elected to "join those courts which have read [the EAJA reenactment] as intending to have the cost of living adjustment to the $75.00 an hour rate measured from 1981." 821 F.2d at 967. As the Court in *Allen* re-emphasized, this Circuit has expressly approved the Consumer Price Index ("CPI") for use in calculating cost of living adjustments under the EAJA. *Id.* at 967–68, citing *Natural Resources Defense Council v. Environmental Protection Agency,* 703 F.2d 700, 713 (3d Cir.1983). Therefore, plaintiff's calculations from the CPI, which reveal an inflation ratio of 1.2037 from 1981 through June 1986,

should be applied to the $75.00 statutory rate to insure that plaintiff's justifiable attorneys fees are not diminished by the force of inflation. Accordingly, plaintiff's request for a $90.00 hourly rate for attorneys Levin and Yaskin will be granted.

The more thorny issue this motion presents is whether the plaintiff deserves an additional $5.00 per hour for the services of Attorney Yaskin. Plaintiff avers, by several affidavits, that the fee enhancement is necessary here because there are few attorneys in this region with the requisite wherewithal and expertise to pursue a denial of Social Security benefits to the level of federal appellate review. The Secretary argues that plaintiff has failed to adequately prove that such a lack of lawyers exists, and submits a relatively lengthy list of attorneys engaged in Social Security law work, purportedly to show that opportunities abound for plaintiffs who seek to engage counsel to undertake an appellate challenge of their disability cases.

While we recognize that the amount in dispute amounts to only five additional dollars per hour, we are mindful of the Court of Appeals' observation in *Allen,* that "[a]lthough the amount involved ... is small, the issue of statutory interpretation is of considerable significance to legal services organizations [and private attorneys] which represent claimants against federal agencies." *Id.* at 964.

A "limited availability of qualified attorneys" is the only "special factor" specifically enumerated in the statute as justifying a higher fee than the $75.00 per hour limit. Evidence presented to support a finding of limited availability of attorneys must be "of a persuasive nature." *Johnson v. Meese,* 654 F.Supp. 270, 272 (E.D.Mich. 1987). While no court has developed a definitive test to determine what may constitute persuasive proof, the case law in this area provides some guidance.

Where no evidence of limited availability other than the unsworn assertion of plaintiff's counsel has been submitted, courts have properly rejected a claim for fee enhancement under § 2412(d)(2)(A)(ii).

*Weakley v. Bowen,* 803 F.2d 575, 579 (10th Cir.1986); *Vibra–Tech Engineers, Inc. v. United States,* 787 F.2d 1416, 1420 (10th Cir.1986); *Action on Smoking and Health v. C.A.B.,* 724 F.2d 211, 218 (D.C.Cir.1984); *Johnson v. Meese, supra,* 654 F.Supp. at 272. On the other hand, claims of limited availability supported by an affidavit, even if it be by plaintiff's counsel, have been found sufficient to sustain an enhanced fee award. *Gavette v. Office of Personnel Management,* 788 F.2d 753, 754 (Fed.Cir. 1986). In addition, courts have awarded additional fees under the EAJA limited availability provision upon a showing that counsel possessed a rare degree of expertise in the underlying proceedings. In *Penny v. Heckler,* 623 F.Supp. 1240, 1243 (E.D. N.Y.1986) for example, the court awarded an attorney "experienced and expert" in Social Security disability law a fee enhancement in the amount of $125.00 per hour, in view of his "great skill and experience in this field." *See also International Woodworkers of America Local 3–98 v. Donovan,* 769 F.2d 1388, 1391 (9th Cir.1985) (Counsel fees of $125 per hour awarded under EAJA for attorney due to "limited availability of counsel with the required expertise in the particular proceedings involved."); *Hoopa Valley Tribe v. Watt,* 569 F.Supp. 943 (N.D.Ca.1983) (Limited number of attorneys well-versed in Indian Law justify counsel fees of $97.90 per hour).

In the instant case, plaintiff's attorney has presented the court with his own certification and three separate affidavits of legal practitioners in the field, all supportive of the claim that there exists an extreme paucity of legal counsel in the Southern New Jersey area with any experience in taking a Social Security disability case to the Court of Appeals. *See* Cristaudo Aff. at ¶¶ 5, 6; Bielen Aff. at ¶ 6; Levin Aff. at 4; Yaskin Supp. Certification at ¶¶ 7, 8. These affidavits further aver that Mr. Yaskin is considered to be an expert in the area of Social Security disability law, and one of the rare practitioners in this field to have ever pursued an appeal to the Federal appellate level. Bielen Aff. at ¶¶ 5, 7; Cristaudo Aff. at ¶¶ 4, 6; Levin Aff. at ¶ 3.

The court believes that sworn averments of this type can, and in this case do, constitute evidence of a sufficiently persuasive nature to justify a fee enhancement under the "limited availability of qualified attorneys" clause of the EAJA. Indeed, any doubt this court may have regarding the veracity of the above affidavits has been largely dispelled by the Secretary's own evidence he presented to dispute the "limited availability" claim. The Secretary submitted a list, culled from two large Social Security class action cases, of some 73 law firms and individuals and 11 legal services offices who had undertaken representation of the class litigants. While this appears to be a formidable number of advocates, the list contains at least two serious flaws. First, it is drawn from two *district* court class action cases. There is no indication that any of the listed representatives have pursued or could pursue a Social Security case to the federal appeals court level. Second, the list encompasses legal counsel from the entire state of New Jersey and Metropolitan New York. The court believes that as many potential claimants with Social Security disability appeals may well have difficulty physically reaching such distant counsel, a fair sample of attorneys for this case should be confined to a relatively close geographic range. When the list is so confined to a nine-county region from Cape May to Mercer County, it appears, from the Secretary's own evidence, that only 19 attorneys and three legal aid clinics are available to represent the potentially hundreds of Social Security claimants at *any* level of appeal. Further, when the Secretary's supplemental list of counsel who actually have litigated a Social Security case at the federal Court of Appeals level is similarly restricted to the Southern New Jersey area, it reveals just five representatives, including plaintiff attorney's law firm, that have undertaken such a case between 1980 and 1986.

This court believes, therefore, that examination and analysis of all the evidence of record establishes that a fee enhancement under the EAJA to reflect the finite availability of qualified appellate counsel is here warranted. Our finding is not contrary to

the recent teachings of the Third Circuit in *Garcia v. Schweiker*, 829 F.2d 396 (3d Cir. 1987). In *Garcia*, the Court found that two letters from private counsel and a non-profit agency indicating their own reluctance to pursue a Social Security case in district court did not, standing alone, constitute sufficient evidence to warrant a finding of limited availability. 829 F.2d at 400. In this case, by contrast, three sworn affidavits and the Government's own evidence indicate a paucity of counsel available to take a Social Security benefits case to the Court of Appeals level. Thus, the plaintiff here has contended a limited availability of attorneys exists for a different sort of proceeding (i.e., an appeal to the circuit court) than that which was discussed in *Garcia*, and he has shown this limited availability by evidence which is of greater weight, legally and quantitatively, than that which was rejected in *Garcia*. Accordingly, the fee request of $95.00 per hour for attorney Yaskin will be granted.

Two subsidiary matters remain to be disposed of by this motion. First, the Secretary opposes awarding any counsel fee for the six hours plaintiff's attorney spent preparing the instant EAJA fee application, maintaining that the Government's position opposing the fee request was "substantially justified" and therefore not susceptible to a claim for fees under the EAJA. However, it is well-settled in this Circuit that where, as here, an attorney's services are rendered to "bring a fee petition to the court's attention," those services are properly compensable, regardless of whether the Government's position opposing the petition is "substantially justified." *Lee v. Johnson*, 799 F.2d 31, 39 (3d Cir.1986).

Finally, although the Secretary has not disputed the number of hours attorney Yaskin claims for litigating the Third Circuit appeal, we have followed the Circuit's suggestion to "scrutinize ... with care" EAJA attorney's fees applications. *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 379 (3d Cir.1987). A close examination of the time sheets submitted by plaintiff's attorney reveals certain services, such as delivering, picking up and binding the Appendix

to the Brief, that in this court's opinion could have been performed by a secretary, paralegal, or other member of the law firm's support staff. Work that could have been done by support staff is not eligible for compensation under the EAJA. *Granville House, Inc. v. Dept. of Health, Education and Welfare*, 796 F.2d 1046, 1050 (8th Cir.1986), *vacated on other grounds*, 813 F.2d 881 (8th Cir.1987). Therefore, these services, which in total amount to 7.75 hours, will not be includable in the plaintiff's attorney's compensable billing hours. The award has been modified accordingly.