UNITED STATES of America, Plaintiff,

v.

ONE 1984 CHEVROLET TRUCK, VIN 1GHBC34JXEV103195, Defendant.

No. 1:86–CV–942–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 11, 1988.

**214**

Barbara Vaughn Tinsley, Tina Hickson Perry, Office of U.S. Atty., Atlanta, Ga., for plaintiff.

Barry Arnold Karp, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case is currently before the court on claimant's motion for reconsideration of this court's order dated July 28, 1988. That order denied claimant's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 on the basis that the motion was untimely filed.

*Procedural Background*

On April 28, 1986, Plaintiff United States of America filed a complaint for forfeiture of claimant's 1984 Chevrolet truck contending that the vehicle was subject to forfeiture pursuant to 8 U.S.C. § 1324(b). The government contended that the property was used to transport an illegal alien within the United States who was known by the operator to be an illegal alien; that the operator knew or had reasonable grounds to believe that the illegal alien last entered the United States less than three years prior to the transportation; and that the transportation was in furtherance of the immigration violation.

On January 25, 1988 this court granted claimant's motion for summary judgment after both sides agreed to a joint stipulation which resolved all material issues of fact. The United States subsequently filed a motion for reconsideration which was denied by this court on March 28, 1988. Judgment was entered on March 30, 1988. Claimant filed its motion for attorney's fees on or about June 17, 1988 and that motion was stamped filed by the Clerk on June 20.

*Timeliness of Claimant's motion*

The Equal Access to Justice Act (the "EAJA") provides that attorney's fees may be awarded in some circumstances to the prevailing party (other than the United States) in a non-tort civil action brought by or against the federal government. Section 2412(d)(1)(B) of the Act states that a party seeking attorney's fees shall submit an application for fees to the court within 30 days of the entry of final judgment in

the action. Section 2412(d)(2)(G) defines "final judgment" as "a judgment that is final and not appealable". Claimant is correct in pointing out that an order denying a motion for reconsideration is subject to review on appeal. *Lovelace v. Acme Markets, Inc.,* 820 F.2d 81, 83 (3rd Cir.1987); *Sidney Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 883 (9th Cir.1983). Therefore, the relevant date to consider the timeliness of claimant's motion for attorney's fees is March 30, 1988. Plaintiff had 60 days from that date to file a notice of appeal. Fed.R.App.P. Rule 4(a). Plaintiff's time to file an appeal expired on May 31, 1988, and from that date, on which this court's order became final and not appealable, claimant had 30 days within which to file a motion for attorney's fees under the EAJA. Claimant's motion was filed on June 20, 1988 and was, therefore, timely filed. This court's order of July 28, 1988 is vacated and claimant's motion for attorney's fees will be considered on the merits.

### Attorney's Fees under the Equal Access to Justice Act

The Equal Access to Justice Act was designed to offset the costs of litigating against the United States when the government took a position that was not justified by the facts of the case or the applicable law. Often the costs to individuals of challenging government action can be overwhelming. Section 2412 of Title 28 of the United States Code provides a method to sanction the government for maintaining an untenable litigation position, and provides compensation to those individuals and attorneys who either challenge that position or are forced to defend themselves against unjustified agency action. By allowing a decision to contest government action to be based on the merits of the case rather than the costs of litigation, § 2412 helps assure that administrative decisions reflect informed deliberation. H.R.Rep. No. 1418, 96th Cong., 2nd Sess. 12 (1980), U.S.Code Cong. & Admin. News 1980 pp. 4953, 4991.

■ The EAJA provides for an award of attorney's fees and expenses to a prevailing party, other than the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is undisputed that claimant was the prevailing party in the main action. However, the United States claims that its position was substantially justified, and therefore, that claimant is not entitled to attorney's fees and expenses. The court must disagree.

### Factual Background

The facts of the case are fully set forth in this court's order of January 25, 1988 granting claimant's motion for summary judgment. For purposes of this motion the court will briefly summarize the relevant facts.

Based on a telephone call from a confidential informant, the Immigration and Naturalization Service (the "INS") discovered that a number of undocumented (illegal) aliens were working at the El Toro Meat Market in Atlanta, Georgia. An INS agent observed the flow of people at the market on two consecutive days and suspected that two individuals who arrived at the market by way of a white Chevrolet truck were illegal aliens. Two INS agents approached the individuals as they were leaving the truck on the morning of February 26, 1986. The driver, Jose Jesus Macias–Coranado, presented the agents with his valid green card. The passenger, Salvador Alvarez–Leon, informed the agents that he had recently come from Mexico and had no documents permitting him to be in the United States legally.

The driver and passenger were then taken into custody, and the truck was seized. At the time of the February 26, 1986 seizure of the defendant truck, the driver had driven Alvarez–Leon to work at the Meat Market from his apartment for the ten days Alvarez–Leon had been employed at El Toro. Martin Macias, the claimant in this action is the owner of the defendant truck and of the El Toro Meat market. He is the brother of Jose Jesus Macias Corana-

do the driver of the vehicle at the time of the seizure.

Plaintiff, the United States, then sought forfeiture of the vehicle under 8 U.S.C. § 1324(b). Forfeiture was denied by order of this court granting claimant's motion for summary judgment.

*Substantial Justification*

■ The government bears the burden of showing that its litigation position was substantially justified. *Haitian Refugee Center v. Meese,* 791 F.2d 1489 (11th Cir. 1986); *White v. United States,* 740 F.2d 836 (11th Cir.1984). The standard for determining substantial justification is one of reasonableness. The government must show that its case had, "a reasonable basis in both law and fact." *Haitian Refugee Center,* 791 F.2d at 1497; *White,* 740 F.2d at 836. In 1980 the Congress actually rejected a standard of "reasonably justified" and selected "substantially justified" as the applicable standard. Therefore, the Eleventh Circuit has repeatedly held that more than *mere* reasonableness is required. *Spencer v. N.L.R.B.,* 712 F.2d 539, 557 (D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984); *Hudson v. Secretary of Health and Human Services,* 839 F.2d 1453, 1456 (11th Cir. 1988); *Stratton v. Bowen,* 827 F.2d 1447, 1449 (11th Cir.1987).

Section 1324(b) of Title 8 of the U.S.Code provides "(1) Any conveyance, including any vessel, vehicle or aircraft which is used in the commission of a violation of subsection (a) of this section shall be subject to seizure and forfeiture ..." Subsection (a) outlines the five parts of the crime of transporting illegal aliens: (1) the defendant transported an alien within the United States in violation of law; (2) the alien was in the United States in violation of the law; (3) this was known to the defendant; (4) the defendant knew or had reasonable grounds to believe that the aliens last entry into the United States was within the last three years; and (5) defendant acted willfully in furtherance of the alien's violation of the law. *United States v. Shaddix,* 693 F.2d 1135, 1138 (5th Cir.1982).

Summary judgment was granted against the plaintiff because the United States had failed to establish the fifth element of the § 1324 offense. Though Congress did not expressly define what "in furtherance of the alien's violation of the law" entails, it is clear that not all transportation of an illegal alien within the United States is "in furtherance of" the alien's presence. Such transportation must bear a "direct or substantial relationship" to the alien's continued presence in this country. *United States v. Moreno,* 561 F.2d 1321 (9th Cir. 1977); *United States v. One 1982 Toyota SR-5 Pick-Up,* 642 F.Supp. 335, 337 (N.D. Ill.1986). The circuits are in agreement that "mere transportation of illegal aliens to and from the fields on the ranch or farm where they are working does not fall within a fair reading of the prohibitions of § 1324." *United States v. Fierros,* 692 F.2d 1291 (9th Cir.1982) *cert. denied,* 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350 (1983); *United States v. Merkt,* 764 F.2d 266, 271 (5th Cir.1985).

The government produced no evidence at the summary judgment stage which would have satisfied the "in furtherance of" element of a § 1324 violation. Though the government alleged, and it a appears from the record that the El Toro meat market and restaurants regularly employ illegal aliens, plaintiff has shown the court no evidence linking this Chevrolet truck to the transportation of any of these aliens except Mr. Alvarez-Leon. The government produced no evidence which transforms a mere "ride to work" which has repeatedly been held not to amount a violation of § 1324, to transportation in furtherance of an alien's violation of the Immigration laws.

The uncontroverted facts in this case, and the case law interpreting § 1324 support the proposition that the "direct and substantial relationship" test requires a distinction between acts geared toward surreptitious or furtive transportation—which inhibits government enforcement of immigration laws—and incidents such as this involving minimal employment related transportation. *See United States v. One Toyota SR-5 Pick-Up,* 642 F.Supp. at 337. The government's reliance on the *Fierros*

case is unsupported by the facts. In *United States v. Fierros*, 692 F.2d 1291 (9th Cir.1982), the defendant had hired drivers to transport truckloads of illegal aliens through California. The truck were preceded by "scout cars" to watch for border patrol agents. Plaintiff produced no evidence that the Macias were transporting aliens in mass, that the transportation was surreptitious or that the defendant Chevrolet truck transported anyone other than Mr. Alvarez–Leon. The court finds that the government's position in this litigation was not justified by the facts or the law. Therefore, the claimant is entitled to reasonable attorney's fees and costs under the Equal Access to Justice Act 28 U.S.C. § 2412.

*Amount of Attorney's Fees*

■ Claimants attorneys, Barry Karp and Berly Farris, have submitted an application for fees charging $150 per hour for 70.7 hours and 70 hours respectively. Section 2412(d)(2) (A)(ii) provides that "attorneys fees shall not be awarded in excess of $75 dollars per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." The court is unpersuaded that this case involved a special factor requiring an increase in the statutory maximum allowed per hour for attorney's fees. However, it is within the court's discretion to increase the statutory maximum to reflect an increase in the cost of living since the statute was enacted in 1981. *Continental Web Press, Inc. v. N.L.R.B.*, 767 F.2d 321 (7th Cir.1985); *Allen v. Bowen*, 821 F.2d 963 (3rd Cir.1987). In *Allen v. Bowen* the court held that the Consumer Price Index as reported by the Bureau of Labor Statistics is an appropriate standard by which to judge the increase in the cost of living. *Id.* at 967.

Therefore, the court directs the parties to develop an agreeable method for increasing the statutory maximum for attorney's fees under the EAJA using the consumer price index. Claimants should then submit a revised Bill of Costs on or before October 25, 1988. If the parties are unable to agree, claimants shall submit a proposed method for calculating the cost of living increase by October 25 and plaintiffs should respond by November 8. The court will award compensation for the 140.7 hours of attorney time expended in the case as well as all costs of the action.

### CONCLUSION

Therefore, claimants motion for reconsideration is GRANTED and this court's order of July 28, 1988 is VACATED. Claimant's motion for costs and attorney's fees is GRANTED.