**Rozenia GEORGE**

v.

**Louis W. SULLIVAN, M.D. Secretary, Department of Health and Human Services.**

**Civ. No. B–88–3217.**

United States District Court, D. Maryland.

April 8, 1990.

---

Susan Shubin, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiff.

Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

WALTER E. BLACK, Jr., District Judge.

On November 10, 1989, this court issued an Order reversing the Secretary's decision that the plaintiff, Rozenia George, was not disabled and directing the Secretary to award benefits. On December 12, 1989, Ms. George filed an application for an award of attorney's fees under 28 U.S.C. § 2412 (the Equal Access to Justice Act) ("EAJA"), in the amount of $1,966.66. The Secretary has opposed that motion.

Under the EAJA, a prevailing Social Security plaintiff is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Fee shifting is not automatic; the reversal of an agency for lack of substantial evidence does not raise a presumption the agency was not substantially justified. *Pullen v. Bowen,* 820 F.2d 105, 108 (4th Cir.1987). The Supreme Court has stated: "[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood,* 487 U.S. 552 n. 2, 108 S.Ct. 2541 n. 2, 101 L.Ed.2d 490 (1988). The government bears the burden of showing that both its litigation position and the agency action that forms the basis of the suit were substantially justified, which it can do by showing a reasonable basis in both fact and law. *Id.* 108 S.Ct. at 2550; *Lively v. Bowen,* 858 F.2d 177, 180 (4th Cir.1988); *Pullen v.*

*Bowen, supra,* 820 F.2d at 108; *Campbell v. Bowen,* 800 F.2d 1247, 1249 (4th Cir. 1986). The district court's finding of substantial justification is reviewable under an abuse of discretion standard. *Lively v. Bowen, supra.*

A review of the circumstances in this case demonstrates that the Secretary's position was not reasonable either in fact or in law. The court's Memorandum of November 10, 1989, which is incorporated herein by reference, details numerous reasons for reversing the Secretary's decision. The Secretary's various errors, including failing to consider the combined effect of the claimant's impairments, disregarding the reports of treating physicians, improperly evaluating the claimant's alcoholism, and misstating the record concerning the claimant's daily activities, lead this court to conclude that the position of the United States was not "substantially justified" within the meaning of the EAJA. *See Hudson v. Secretary of Health & Human Serv.,* 839 F.2d 1453, 1457–58 (11th Cir. 1988), *aff'd* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989); *Miller v. Bowen,* 639 F.Supp. 832, 835 (E.D.N.C.1986).

Ms. George's counsel presents a detailed record of the time she spent in connection with this case, supported by affidavit. The reasonableness of her hours was not specifically challenged by the Secretary. Nor did the Secretary challenge the figures from the Consumer Price Index relied on by Ms. George's counsel to justify an increase to a rate of $100 per hour. Case law supports an increase in the $75 per hour rate set when the EAJA was enacted in 1981, due to the increased cost of living. *See Hyatt v. Heckler,* 807 F.2d 376, 382–383 (4th Cir.1986), *cert. denied sub nom. Bowen v. Hyatt,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987); *Sisk v. Bowen,* 692 F.Supp. 1076, 1078 (W.D.Mo. 1988); *Bielec v. Bowen,* 675 F.Supp. 200, 202 (D.N.J.1987).

After an independent review of the record and the petition and the application submitted by counsel, this court finds that the hours expended and the rate requested are reasonable. Accordingly, the plain-

tiff's application for attorney's fees under 28 U.S.C. § 2412 is hereby GRANTED and fees in the amount of $1,966.66 are hereby AWARDED.

SO ORDERED.